*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0079p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

            No. 04-6206

  *v.*

PAUL GARNET HILL,

    *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 04-10026—James D. Todd, Chief District Judge.

Argued: August 9, 2005

Decided and Filed: March 1, 2006

Before: BOGGS, Chief Judge; SUTTON, Circuit Judge; RICE, Senior District Judge.[*]

_____

## COUNSEL

**ARGUED:** April R. Goode, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. Jerry R. Kitchen, ASSISTANT UNITED STATES ATTORNEY, Jackson, Tennessee, for Appellee. **ON BRIEF:** April R. Goode, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. James W. Powell, ASSISTANT UNITED STATES ATTORNEY, Jackson, Tennessee, for Appellee.

_____

## OPINION

_____

  WALTER HERBERT RICE, Senior District Judge. Defendant Paul Garnet Hill ("Hill") pled guilty to violating 18 U.S.C. § 922(g), which prohibits the possession of a firearm by a convicted felon. The district court sentenced him as an armed career criminal to a 188-month term of incarceration, in accordance with the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and United States Sentencing Guidelines ("U.S.S.G.") § 4B1.4. That statute imposes a mandatory minimum sentence of 15 years on anyone who has been convicted of violating § 922(g) and has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." Before this Court, Hill raises three challenges to that

_____

[*]The Honorable Walter Herbert Rice, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

sentence. Initially, he argues that the district court improperly sentenced him under the ACCA, as a result of erroneously finding that he had three previous convictions for a violent felony that had been committed on different occasions. Second, he contends that the district court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by finding that each of his three previous convictions was for a violent felony, as opposed to requiring such a finding be made by a jury or based upon his admission. Lastly, he requests that this matter be remanded for re-sentencing under *United States v. Booker*, — U.S. —, 125 S.Ct. 738 (2005). We conclude that Hill was properly sentenced under the ACCA and that the district court did not violate *Apprendi*. However, we remand this matter for re-sentencing in accordance with the Supreme Court's decision in *Booker*.

## I. Background

Hill was charged in a one-count indictment with possessing a .380-caliber semi-automatic pistol and 17 rounds of ammunition on or about November 11, 2003, in the Western District of Tennessee, after having been previously convicted of crimes punishable by imprisonment for a term exceeding one year. On June 10, 2004, Hill entered a guilty plea to that charged offense.

A probation officer then prepared a presentence investigation report ("PSI"), in which it was recommended that Hill be sentenced in accordance with the ACCA and U.S.S.G. § 4B1.4, the provision of the Sentencing Guidelines in which the ACCA is implemented. That recommendation was based upon the probation officer's conclusion that Hill had three prior convictions for violent felonies which had been committed on occasions different from one another, to wit: an aggravated burglary committed on April 6, 1999, in Gibson County, Tennessee, and two burglaries committed on the same day in November, 1993, in Crockett County, Tennessee. Having concluded that Hill was an armed career offender under the ACCA, the probation officer recommended that the district court, in accordance with U.S.S.G. § 4B1.4, adopt a sentencing range of from 188 to 235 months.

Hill objected to that recommendation, arguing that he had not been convicted of the requisite three predicate offenses under the ACCA, since the two November, 1993, burglaries had not been committed on occasions different from one another. The district court conducted a sentencing hearing on September 24, 2004, during which Hill testified about the two burglaries he had committed in November, 1993. He indicated that he had initially entered an abandoned business, called Planter's Gin, where he stole a pair of bolt cutters. Hill then took the bolt cutters across the street to the property owned by Steven Kelly, where he used them to remove the motor from a boat so that he could steal the motor. Hill also stole other property belonging to Steven Kelly, such as a weed-eater and fishing equipment, on which he did not use the bolt cutters.

The district court rejected Hill's objection to the recommendation in the PSI that he be sentenced in accordance with the ACCA and U.S.S.G. § 4B1.4, finding that Hill had entered one building and committed a burglary, and then crossed the street and entered a second building to commit another burglary. The district court concluded that those two burglaries had been committed on different occasions and that, therefore, Hill had been convicted of three predicate offenses. Having overruled that objection, the district court sentenced Hill in accordance with the ACCA and adopted the recommendations in the PSI concerning the guideline range, imposing a 188-month term of incarceration upon him.

## II. Analysis

This court will address Hill's three challenges to his sentence in the above order.

A.  Convictions Committed on Occasions Different from One Another

In accordance with the ACCA, a criminal defendant convicted of violating § 922(g) must be sentenced to a minimum term of incarceration of 15 years, if he has been convicted of three previous predicate offenses, in other words three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." *See* 18 U.S.C. § 924(e).[1] The district court sentenced Hill under the ACCA, after concluding that he had been previously convicted of three violent felonies which had been committed on occasions different from one another.  On appeal, Hill does not challenge that those three offenses were violent felonies or that the April, 1999, aggravated burglary was committed on an occasion different from that upon which the other two offenses were committed.  Rather, Hill argues that the two November, 1993, burglaries were not committed on occasions different from one another.  According to Hill, those two offenses were part of a single criminal episode, since they were committed so close to each other that there was not a discernible lapse of time between them.[2]  We review de novo the decision of the district court that the two November, 1993, burglaries were "committed on occasions different from one another." *United States v. Murphy*, 107 F.3d 1199, 1208 (6th Cir. 1997).

Hill's challenge to his sentence under the ACCA raises the recurrent question of whether two violent felonies, perpetrated in temporal and physical proximity to each other, were committed on different occasions, as opposed to being part of a single criminal episode.

In *United States v. Brady*, 988 F.2d 664 (6th Cir.) (*en banc*), *cert. denied*, 510 U.S. 857 (1993), the defendant committed an armed robbery at the Mack Avenue Beauty Shop and, thirty minutes later, committed a second armed robbery at the Club Continental Bar. *Id.* at 666.  He argued that the two robberies should count as only one predicate offense for purposes of the ACCA, because they represented a single, continuous crime spree rather than two separate offenses.  This Court, sitting *en banc*, rejected that argument, writing "[c]onsistent with the holdings of our sister circuits, we believe that offenses committed by a defendant at different times and places and against different victims, although committed within less than an hour of each other, are separate and distinct criminal episodes and that convictions for those crimes should be counted as separate predicate convictions under § 924(e)(1)." *Id.* at 669.  We also noted that "while defendant Brady sat at the Club Continental Bar with his concealed shotgun, he could have decided that the one robbery he had committed was enough for the evening.  Instead, he decided to rob again." *Id.*

We next addressed the question of whether two violent felonies, committed in close temporal and physical proximity of each other, constitute two predicate offenses under the ACCA in *United States v. Wilson*, 27 F.3d 1126 (6th Cir. 1994).  Therein, the defendant's three predicate offenses

---

[1] The ACCA provides, in pertinent part:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

[2] Hill also argues that the two burglaries were part of a single criminal episode, because committing the first burglary was necessary in order for him to complete the second, given that, during the burglary of Planter's Gin, he stole a pair of bolt cutters which he used to remove a motor from a boat at Steven Kelly's, which he then stole.  Although we accept that Hill could not have stolen the motor without the bolt cutters, he also stole fishing equipment and a weed-eater from Steven Kelly's property.  Hill conceded during the sentencing hearing that he did not need the bolt cutters in order to steal that property.  Therefore, Hill's assertion that the two burglaries constituted a single criminal episode, because the commission of the first burglary was a necessary predicate to the completion of the second, is not supported by the record.

under the ACCA were for criminal sexual conduct. Two of those offenses had been committed on the same date and in the same house, although against separate victims and on different floors within that house. *Id*. at 1131. We found no error in the district court's determination that these were separate offenses for purposes of § 924(e), noting that, while the defendant "could have halted his criminal rampage at any time[ ], he chose to continue selecting different victims in separate places." *Id*.

This court also addressed the issue in *United States v. Graves*, 60 F.3d 1183 (6th Cir. 1995). Therein, Graves appealed his sentence under the ACCA, arguing that two of his three previous convictions had not been committed on separate occasions. Those two offenses were for burglary of a home and his assault on a police officer in the woods just outside of the home. Noting that the *Brady* court had "considered whether or not the defendant safely escaped from one crime scene before he committed the second crime," we held that the defendant's offenses constituted a single episode of criminal conduct, because the assault upon the officer was at the same location and within moments of the burglary, given that Graves had not left the location of the burglary when he committed the assault. *Id*. at 1186-87.

The question of whether two violent felonies committed in temporal and physical proximity of each other constitute two predicate offenses under the ACCA was also addressed in *United States v. Murphy*, 107 F.3d 1199 (6th Cir. 1997). Therein, Murphy and two accomplices robbed the occupant of the first residence of a duplex, after which the accomplices robbed the adjoining residence of that structure. During the second robbery, Murphy remained in the first residence in order to prevent its occupant from calling the police. Although Murphy was convicted for both robberies committed at the duplex, we held that those convictions constituted one single predicate offense for purposes of the ACCA. To reach that holding, we concluded that Murphy had not completed the first offense before the second had been completed, since he had "never left his original location, he never ceased his original conduct and he never successfully escaped the site of the first crime until the second was complete." *Id*. at 1210.

In *United States v. Thomas*, 211 F.3d 316 (6th Cir. 2000), Thomas appealed his sentence under the ACCA, arguing that the district court had erred by concluding that his two prior convictions for rape constituted separate predicate offenses under that statute. Those two convictions stemmed from Thomas's rape of two women, which had occurred during a period in which he and his accomplice maintained control over both women. We held that the two convictions for rape had not been committed on occasions different from one another, and, thus, did not constitute separate predicate offenses under § 924(e), given that there was not a completion or definable endpoint of the first crime before the second one had begun. *Id*. at 321.

In *United States v. Carnes*, 309 F.3d 950 (6th Cir. 2002), *cert*. *denied*, 537 U.S. 1240 (2003), the defendant argued that the district court had misapplied the ACCA by concluding that his two convictions for burglarizing adjacent houses, one immediately after the other, were committed on different occasions, and, thus, constituted two predicate offenses under that statute. We affirmed the district court, because it was possible to distinguish between the end of the first offense and the beginning of the second, given that the first offense ended when the defendant left that residence and the second did not begin until he subsequently entered the second such. *Id*. at 955-56.

The foregoing review of our previous decisions in which we have addressed the question of whether two offenses committed in temporal and physical proximity constitute two offenses under the ACCA, as opposed to being a single criminal episode, suggest that there are at least three indicia that offenses are separate from each other.

First, two offenses are "committed on occasions different from one another" under the ACCA, if it is possible to discern the point at which the first offense is completed, and the subsequent point

at which the second offense begins. Thus, in *Brady*, the defendant's initial armed robbery at the Mack Avenue Beauty Shop had concluded, and he had left that commercial establishment before he entered the Club Continental Bar to commit the second armed robbery. Similarly, in *Carnes*, we held that the defendant's two previous convictions for burglary constituted two predicate offenses under the ACCA, because he had completed the burglary of the first residence before he entered the second residence to burglarize it. In contrast, in *Graves*, *Murphy* and *Thomas*, we concluded that the first offense had not been completed or come to an endpoint before the second offense had begun. In none of those decisions did we remotely suggest that two violent felonies would be considered only one predicate offense under the ACCA, even though the endpoint of the first had been reached before the beginning of the second.

Second, two offenses are committed for ACCA purposes if it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense. Thus, in *Brady*, we noted that the defendant could have decided while sitting in the Club Continental Bar that one robbery "was enough for the evening," and departed without robbing that establishment. 988 F.2d at 669. Likewise, in *Wilson*, we noted that the defendant could have "halted his criminal rampage at any time," but instead chose to select additional victims on different floors of the house. 27 F.3d at 1131.

Finally, separate offenses are committed if the offenses are committed in different residences or business locations. Thus, in *Brady*, the defendant's two armed robberies constituted two predicate offenses under the ACCA, because the armed robbery at the Mack Avenue Beauty Shop had ended when he left that business establishment and went to the Club Continental Bar, where he committed the second predicate offense. In *Carnes*, the first violent felony ended when the defendant left the first residence in order to go to the second residence to commit the second burglary. In *Murphy*, however, we held that the two violent felonies for which Murphy had previously been convicted were not committed on different occasions, because he had remained in the residence where the initial robbery had occurred, while his accomplices went to the adjoining residence to commit another robbery and that, therefore, the first offense had not been completed before the second occurred. Similarly, in *Graves*, we concluded that the defendant's previous convictions for burglary and assault constituted one predicate offense under the ACCA, because he had not left the location at which he had committed the burglary, when he committed the assault.

All three indicia of separate offenses under the ACCA are present in this case. Hill committed a burglary at the Planter's Gin, after which he left that location and went to Steven Kelly's across the street in order to commit a second burglary. The robbery at Planter's Gin was complete before Hill crossed the street to steal the motor from Steven Kelly's boat; he could have chosen to cease his criminal activity at that point without committing a robbery on Kelly's property; and he entered Kelly's property after committing the first robbery, but before committing the second. We therefore conclude that Hill committed the two November, 1993, burglaries "on occasions different from one another" and that the district court correctly held that they were two predicate offenses under the ACCA.

Accordingly, we affirm the decision of the district court to sentence Hill under the ACCA.


B. Constitutionality of Hill's Sentence

Hill argues that the district court violated the Sixth Amendment, as interpreted by *Apprendi*, because it based his sentence upon its findings that he had been convicted of three previous violent felonies, which had been committed on different occasions, rather than basing the sentence upon

findings by the jury or his (Hill's) admissions.  This court conducts a de novo review of a constitutional challenge to a sentence.  *United States v. Copeland*, 321 F.3d 582, 601 (6th Cir. 2003).

In *Apprendi*, the Supreme Court held that the Sixth Amendment requires that any fact that increases the maximum penalty for a crime, other than a prior conviction, must be proved to the jury. 530 U.S. at 490.  In *Booker*, Justice Stevens reaffirmed that holding in his majority opinion. — U.S. at —, 125 S.Ct. at 756 ("we reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt").

Hill concedes that, in accordance with *Apprendi*, the fact of his prior convictions need not be proved to a jury or admitted by him.  However, he contends that the nature of those prior convictions as violent felonies under the ACCA can be established only by proof to a jury or by his own admission.  This Court rejected that very argument in *United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir. 2005) (rejecting the argument that the ACCA violated the Sixth Amendment, because the judge, rather than the jury, determines the nature of a defendant's previous criminal convictions).[3] Accordingly, the Court rejects Hill's assertion that the district court violated *Apprendi* by finding that the each of his three previous convictions was for a violent felony.

## C. *Booker*

Lastly, Hill argues that this matter should be remanded to the district court for re-sentencing, given that, as a result of *Booker*, the Sentencing Guidelines are no longer mandatory.  This court agrees.  This court must remand for re-sentencing in light of our holding in *Barnett*.  *In Barnett*, this court established a presumption that any pre-*Booker* sentencing determination constitutes plain error because the Guidelines were then mandatory.  398 F.3d at 526-29.  Consequently, a defendant must be re-sentenced, unless the sentencing record contains clear and specific evidence to the effect that, even if the sentencing court had known that the Guidelines were advisory, it would have sentenced the defendant to the same (or a longer) term of imprisonment.  *Id*.  The record before us lacks such clear and specific evidence.  On the contrary, although the mandatory minimum sentence under the ACCA is 15 years or 180 months, Hill was sentenced to 188 months, eight months more than the mandatory minimum.  Therefore, we remand this matter to the district court for the limited purpose of re-sentencing Hill in accordance with the Supreme Court's decision in *Booker*.

---

[3]In his letter brief submitted on August 8, 2005, Hill cites the concurring opinion by Justice Clarence Thomas in *Shepard v. United States*, — U.S. —, 125 S.Ct. 1254, 1264 (2005), in which that judicial officer stated that a majority of justices on the Supreme Court are of the opinion that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), was not correctly decided.  *Almendarez-Torres* provides the underpinnings for the exclusion of prior convictions from the rule established in *Apprendi* that facts increasing the statutory maximum penalty must be proved to a jury or admitted by the defendant.  According to Hill, Justice Thomas' concurring opinion casts doubt upon our decision in *Barnett*, presumably because it raises questions about the continued viability of the exception in *Apprendi* for prior convictions. We reject that assertion, since the Supreme Court has repeatedly stressed that "if the 'precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.'" *Tenet v. Doe*, — U.S. —, 125 S.Ct. 1230, 1237 (2005) (quoting *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989)).  *Accord Hohn v. United States*, 524 U.S. 236, 252-53 (1998).

### III.  Conclusion

For reasons stated herein, we **AFFIRM** the decision to sentence Hill in accordance with the ACCA, but **VACATE** his sentence and **REMAND** for re-sentencing consistent with this opinion and the Supreme Court's decision in *Booker*.