NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0403n.06
Filed: June 14, 2006

No. 05-6183

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF TENNESSEE |
| YERVIN K. BARNETT, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |

Before:    SILER and ROGERS, Circuit Judges; JORDAN, District Judge.[*]

LEON JORDAN, District Judge.  This appeal arises from the resentencing of Yervin K. Barnett ("Barnett") as an armed career criminal pursuant to 18 U.S.C. § 924(e) for his conviction of being a felon in possession of a firearm.  For the reasons that follow, we affirm the district court.

Barnett was originally sentenced to 265 months, and he appealed that sentence. While his appeal was pending, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005).  Since the district court had considered the Sentencing Guidelines as mandatory, we vacated Barnett's sentence pursuant to *Booker* and remanded the case to the district court

---

[*] The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

for resentencing. *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005). However, in our decision, we rejected Barnett's argument that the district court's failure to submit to the jury the question of the nature of his prior convictions under the Armed Career Criminal Act ("ACCA") was a violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Barnett*, 398 F.3d at 524-25.

At resentencing, the district court applied the Guideline calculations (U.S.S.G. § 4B1.4) and determined that the ACCA applied, which gave Barnett an offense level of 33 and a criminal history category of VI. This resulted in a guideline range of 235 to 265 months. The district court sentenced Barnett to 235 months.

Barnett has appealed that sentence, again raising the issue concerning whether the district court's failure to submit to the jury the question of the nature of his prior convictions under the ACCA was in violation of *Apprendi*. Although Barnett recognizes that this court has already decided this issue, he brings this appeal to have it pending should the Supreme Court overrule *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).[1]

---

[1] "*Almendarez-Torres*, as the Supreme Court has explained, 'stands for the proposition that not every fact expanding a penalty range must be stated in a felony indictment, the precise holding being that recidivism increasing the maximum penalty need not be so charged.'" *United States v. Gatewood*, 230 F.3d 186, 192 (6th Cir. 2000) (quoting *Jones v. United States*, 526 U.S. 227, 248 (1999)). Barnett argues that comments made by Justice Thomas in his concurring opinion in *Shepard v. United States*, 544 U.S. 13, 26-28 (2005) indicate that the continued validity of *Almendarez-Torres* may be in doubt.

*Almendarez-Torres* has not been overruled. *United States v. Hill*, 440 F.3d 292, 299 n.3 (6th

Cir. 2006); *United States v. Aparco-Centeno*, 280 F.3d 1084, 1089-90 (6th Cir. 2002).

Therefore, the district court did not err when it again sentenced Barnett as an

armed career criminal.  Accordingly, we **AFFIRM** the district court.