**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0177n.06
Filed: April 2, 2008

07-5076

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| WILLIAM BROWN, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY and McKEAGUE, Circuit Judges; GWIN,* District Judge.

PER CURIAM. The defendant, William Brown, was convicted on four counts of a multi-count indictment charging him with conspiring to distribute 50 grams or more of crack cocaine and possessing with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 846, and two counts of aiding and abetting others in the distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He appeals, challenging the admissibility of opinion testimony by two government witnesses, the district court's failure to give a cautionary instruction on the dual role of a witness who testified both as to fact and to opinion, and the propriety of the district court's

---

*The Hon. James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

order sentencing Brown as a recidivist without submitting evidence of his prior convictions to the jury. We find no reversible error and affirm.

Defendant Brown and five co-defendants were indicted for engaging in a drug-trafficking operation in Kenton County, Kentucky, in May 2006. At the time of his arrest, Brown was found in possession of approximately 6.5 grams of crack cocaine, which he acknowledged was crack that he had cooked to sell, and several small scales. Brown also admitted that he had been cooking crack for his cousin and co-defendant, Justin Englemon, and agreed to cooperate with the police in the hope of mitigating his punishment. After signing a confidential-informant agreement, however, Brown sold drugs for provision to an undercover officer and cooked additional crack for Englemon, both without police permission and contrary to the agreement.

Brown's five co-defendants entered guilty pleas to various counts of a superceding indictment. Brown went to trial and was convicted on all four of the counts charged against him. The jury indicated on a special verdict form that it found Brown to have been involved with 50 or more grams of crack cocaine on one count, five grams or more of crack cocaine on a second count, 50 grams or more of crack cocaine on a third, and "a detectable amount" on the last count. At sentencing, he was subject to the application of 21 U.S.C. § 841(b)(1)(A), which mandated a minimum sentence of life imprisonment on two of the counts, based on his prior felony drug convictions. In addition, the district court sentenced Brown to serve concurrent 360-month terms on the remaining two convictions.

On appeal, the defendant first challenges the district court's decision to allow opinion testimony from two government witnesses who had not been declared to be experts in their fields. We ordinarily review the admissibility of expert testimony for abuse of discretion. *See Barnes v. Kerr Corp.*, 418 F.3d 583, 588 (6th Cir. 2005). However, in the absence of a contemporaneous objection to the testimony, our review is for plain error only. *See United States v. Johnson*, 488 F.3d 690, 697 (6th Cir. 2007).

Duane Rolfsen, an agent with more than 20 years of experience in law enforcement and narcotics work, testified as a fact witness because he was part of the team that executed the arrest warrant against Brown. On direct examination, the prosecutor first inquired as to Rolfsen's experience as a police officer, eliciting information about his specialized training and experience in the areas of narcotics investigation and narcotics sales and production practices. Rolfsen then offered additional testimony regarding his role in the raid on Brown's home and his involvement in the chain of custody of evidence seized during that raid. Finally, upon solicitation by the prosecutor, Rolfsen offered his opinion that the quantity of crack seized was consistent with distribution, not personal use, which drew an objection from the defendant that the testimony constituted a legal conclusion. Citing *United States v. Thomas*, 74 F.3d 676 (6th Cir. 1996), the district court overruled this objection. There was no objection to Rolfsen's testimony as improper opinion testimony.

Similarly, the government attorney explored Susan Vanlandingham's education and experience on direct examination. A forensic specialist for the Kentucky State Police, she testified about the specific tests she had performed in Brown's case and established the chain of custody of drugs seized during the investigation. The prosecutor asked Vanlandingham whether, in her opinion, the baggies confiscated during the raid contained controlled substances; she testified, based on her laboratory testing, that they contained cocaine base. The defendant did not object to her opinion testimony in any respect.

Because in the first instance the defendant's objection was not specifically directed to the alleged error of which he now complains, and because in the second instance there was no objection at all, we review the current claims for plain error only:

> This court reviews issues involving the admissibility of expert testimony for plain error where no objection was made at trial. Under this standard, the defendant must demonstrate (1) error, (2) that was plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affected the fairness, integrity or public reputation of the judicial proceedings.

*Johnson*, 488 F.3d at 697 (internal citations and quotation marks omitted). In this case, it is clear that any error, if it occurred, did not affect the defendant's substantial rights. The qualifications of both witnesses were made a matter of record, and neither testified outside the limits of those qualifications.

Brown next argues that the district court committed plain error by permitting Rolfsen to testify both as a fact witness and an expert witness without providing a cautionary instruction to the jury concerning his dual role. Although there was no request for such an instruction, the defendant insists that its omission was plain error. In support of this claim, he relies on *United States v. Lopez-Medina*, 461 F.3d 724, 745 (6th Cir. 2006), in which we held that the failure to provide the jury with a dual-role instruction was plain error. We conclude that Brown has read too much into the *Lopez-Medina* holding, which clearly turned on the facts in that case. Perhaps the most significant fact was the district court's failure in *Lopez-Medina* to give *either* a dual-role instruction *or* an instruction on how to weigh expert testimony. *Id.* at 743. Moreover, the determination of plain error in that case was also premised on cumulative error, *i.e.*, on the lack of any cautionary instruction regarding expert testimony "in conjunction with the other evidentiary errors [that] occurred in Medina's trial." *Id.* at 745. Here, by contrast, there *was* a jury instruction on the weight to be given expert testimony, and there are no "other evidentiary errors" apparent in the record.

Given the overwhelming nature of the evidence against the defendant, including testimony by some of his accomplices and his own incriminating statements to police, it is clear that Brown's substantial rights were not affected. Nor were the trial proceedings impugned in any way by the court's failure to follow what might be described as the better practice of delivering a dual-role instruction when a witness both testifies as to fact and

gives an opinion.  As a result, we find no plain error resulting from the lack of an explicit dual-role instruction in this case.

Brown's challenge to his sentence is based on his claim that the district court violated his Sixth Amendment right to trial by jury by imposing life sentences under 21 U.S.C. § 841(b)(1)(A), based on prior convictions for felony drug offenses found by the court, not a jury.  But, as the defendant concedes in his brief on appeal, we have repeatedly ruled to the contrary – and with good reason.  In *Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998), the Supreme Court held that under federal recidivist statutes, the existence of prior convictions is a sentencing factor, not an element of the offense for which the defendant is being sentenced and, moreover, that it is a factor on which courts are authorized to base an increase in punishment.  Subsequently, in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court affirmed *Almendarez-Torres*, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  The Supreme Court has recently reaffirmed the exception contained in *Apprendi*.  *See United States v. Booker*, 543 U.S. 220, 244 (2005) (affirming the *Apprendi* holding that the existence of prior convictions used to increase sentences may be found by the court and do not require determination by a jury).  Not surprisingly, we have uniformly adhered to the *Almendarez-Torres / Apprendi / Booker* line of cases.  *See, e.g., United States v. Beasley*, 442 F.3d 386, 391 (6th Cir. 2006); *United States v. Hill*, 440 F.3d 292, 299 (6th Cir. 2005), *United States v. Barnett*, 398 F.3d 516,

524-25 (6th Cir. 2005).  Under this controlling Supreme Court and Sixth Circuit precedent, there simply is no basis for a determination that the defendant's Sixth Amendment rights were violated by the life sentences imposed in this case.

## **CONCLUSION**

For the reasons set out above, we AFFIRM the judgment of the district court.