**NOT RECOMMENDED FOR PUBLICATION**
File Name: 08a0353n.06
Filed: June 19, 2008

**No. 07-3325**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| TYRONE E. KEITH, | ) THE NORTHERN DISTRICT OF |
| | ) OHIO |
| Defendant-Appellant. | ) |
| | ) |

Before: BOGGS, Chief Judge; MARTIN and SILER, Circuit Judges.

**SILER**, Circuit Judge. Tyrone Keith pled guilty to being a felon in possession of a handgun, in violation of 18 U.S.C. § 922(g). He qualified for an enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §1924, which increased his guidelines range from 51-63 months' imprisonment to 121-151 months' imprisonment. The district court sentenced him to 121 months' imprisonment. Keith appeals his sentence, challenging its reasonableness and the applicability of the ACCA enhancement. Finding no error, we **AFFIRM**.

**I. BACKGROUND**

According to uncontroverted testimony, Keith defused a dangerous situation in Akron, Ohio, in 2006, when one party to an argument fired at the car of another person. A group of young people planned to retaliate against the shooter, but Keith convinced them not to retaliate and took their guns.

Later that day, Keith was pulled over in his car and admitted having two loaded guns he took from the others.

Keith entered a guilty plea to being a felon in possession of a firearm. The plea agreement recommended a reduction of one offense level for substantial assistance, and a reduction of three offense levels for acceptance of responsibility. The court found that Keith qualified for an enhancement under the ACCA, which increases sentences when a defendant charged under 18 U.S.C. § 922(g) previously committed three violent felonies on different occasions. Keith qualified for the enhancement because he robbed three different people at 10:45 p.m., 11:00 p.m., and 11:15 p.m., on February 9, 1998, in Akron.

Keith challenged the applicability of the enhancement, arguing the three robberies were not separate occurrences as required by the ACCA. The district court rejected this argument, citing *United States v. Hill*, 440 F.3d 292, 297-98 (6th Cir. 2006). Keith also argued for a downward departure based on his defusion of a violent situation. The district court sentenced him to the low end of the guidelines range, 121 months' imprisonment, but refused any further variance because of Keith's other criminal violations.

## II. DISCUSSION

### A. Applicability of the ACCA Enhancement

Under 18 U.S.C. § 924(e)(1), a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony or serious drug conviction "committed on occasions different from one another," faces a minimum sentence of fifteen years. In *Hill*, we highlighted three indicia of whether "two offenses committed in temporal and physical proximity constitute two offenses under

the ACCA, as opposed to being a single criminal episode." 440 F.3d at 297. Offenses are "committed on occasions different from one another" under the ACCA (1) "if it is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins," (2) "if it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense," and (3) "if the offenses are committed in different residences or business locations." *Id.* at 297-98. In *Hill* the ACCA enhancement applied because there was a discernable separation between the two crimes, the defendant could have ceased his criminal activity after the first crime, and the offenses took place in different locations. *Id.* at 298.

In this case, Keith's criminal history shows that he committed a series of robberies at three different locations on February 8, 1998. Each robbery had a discernable point of completion, Keith could have stopped between each robbery, and each robbery took place at a different location. "All three indicia of separate offenses under the ACCA are present in this case." *Id.* Accordingly, the district court correctly imposed the ACCA enhancement.

## B. Reasonableness of the Sentence

Appellate courts review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). This court applies a presumption of reasonableness to within-guidelines sentences. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). Keith argues that he deserves a downward departure or variance because he defused a violent situation, because he barely falls within the ACCA enhancement, and because of his troubled history – including physical abuse from his mother. The district court, however, found that Keith's

No. 07-3325
United States v. Tyrone Keith

"continuing criminal misconduct" after serving seven years in prison militated against any downward variance. Keith also points to the disparity between his sentence and the sentence of the admitted shooter in the August 2006 incident. The district court noted that it considered disparities between defendants in the federal system, not the state system, and the shooter was sentenced in the state system. Nevertheless, the district court showed Keith some leniency by sentencing him at the bottom end of the guidelines range rather than the top end, which it believed Keith's continuing criminal conduct warranted. Keith also avoided the severe minimum penalty of fifteen years under 18 U.S.C. § 924(e)(1) by his cooperation under USSG § 5K1.1 and 18 U.S.C. § 3553(e). The district court did not abuse its discretion in sentencing Keith to the minimum sentence recommended by the guidelines.

**AFFIRMED.**