**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0633n.06

**Nos. 08-3034 and 08-3238**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | **Sep 08, 2009** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| DeWAYNE L. WALKER and CORNELIUS | ) | THE SOUTHERN DISTRICT OF |
| EDRINGTON, | ) | OHIO |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

Before: SILER, COOK, and GRIFFIN, Circuit Judges.

**SILER**, Circuit Judge. In 2007, the district court sentenced DeWayne Walker and Cornelius Edrington, along with multiple co-defendants, after each pled guilty to conspiracy to possess with the intent to distribute cocaine. Walker appeals his sentence based on the district court's application of a two-level firearms enhancement to his Guidelines sentence. He also appeals—as a violation of his Sixth Amendment right to a jury trial—the use of his prior felony convictions to enhance his Guidelines range. Edrington appeals his sentence as procedurally unreasonable because the district court failed to explain its rejection of his sentence disparity argument. For the following reasons, we AFFIRM.

**BACKGROUND**

## A. DeWayne Walker

Walker pled guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. In his plea agreement, Walker acknowledged a two-level enhancement to his base offense level for firearm possession. With a criminal history of II and an offense level of 33, he faced a recommended Guidelines range of 151 to 188 months of imprisonment. Based on his cooperation, the government moved for a three-level reduction in Walker's offense level; this new offense level suggested a Guidelines sentence of 108 to 135 months. The district court sentenced Walker to 108 months.

On appeal, Walker argues that the district court erred in applying the two-level firearms enhancement. He further argues that the convictions used to calculate his criminal history were not proven beyond a reasonable doubt and therefore their use in computing his Guidelines range violated his Sixth Amendment right to a jury trial.

## B. Cornelius Edrington

Edrington pled guilty to conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. With a criminal history category of III and an offense level of 31, he faced a recommended Guidelines range of 135 to 168 months of imprisonment. The district court did not grant Edrington any reductions in his offense level and sentenced him to 140 months of imprisonment. On appeal, Edrington argues that his sentence was unreasonable because the district court did not explain its reasoning in rejecting his sentence disparity argument.

## DISCUSSION

## I. Walker's Firearm Enhancement

Walker argues that the district court erred in applying the two-level firearm enhancement under USSG § 2D1.1.  He argues that the Supreme Court's decision in *Heller* requires this court to renounce the presumptive connection between an offense and a weapon when the defendant possessed the weapon during the commission of the offense.  *See United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir. 1996) ("'Once it is established that a defendant was in possession of a weapon during the commission of an offense, a presumption arises that such possession was connected to the offense.'" (quoting *United States v. Sanchez*, 928 F.2d 1450, 1460 (6th Cir. 1991) (abrogated on other grounds))).  *See generally District of Columbia v. Heller*, 128 S. Ct. 2783, 2799 (2008) (declaring the citizenry's limited right to keep and bear arms).

We do not consider the merits of Walker's claim here.  Walker accepted the two-level enhancement by signing a plea agreement before sentencing, and in doing so waived any challenge regarding the government's burden of proof.

## II.  Walker's Prior Convictions and Criminal History

Walker argues that since a jury did not determine that his prior convictions qualified as criminal history points, the use of those convictions to enhance his sentence violated his Sixth Amendment right to a jury trial.  In general, a fact that increases a criminal penalty beyond the statutory maximum falls within the Sixth Amendment's protections.  *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  However, the fact of a prior conviction remains an exception to the rule.  *Id.*; *see also Almendarez-Torres v. United States*, 523 U.S. 224, 239 (1998).  Furthermore, Walker's sentence of 108 months does not exceed the statutory maximum. 21 U.S.C. § 843(d)(1) (2006) (each of the three offenses to which Walker pled guilty carries a maximum of 48 months, a total maximum of 144 months, compared to his 108-month sentence).  For these two reasons, *Apprendi* allows the district court's actions.

Walker argues that the precedent of *Apprendi* and *Almendarez-Torres* no longer constitutes good law. *See generally Shepard v. United States*, 544 U.S. 13, 28 (2005) (Thomas, J., concurring) ("The parties do not request it here, but in an appropriate case, this Court should consider *Almendarez-Torres'* continuing viability."). However, this court has already refused Walker's argument; the Supreme Court maintains "'the prerogative of overruling its own decisions.'" *United States v. Hill*, 440 F.3d 292, 299 n.3 (6th Cir. 2006) (quoting *Tenet v. Doe*, 544 U.S. 1, 10-11 (2005)).

## III.  Reasonableness of Edrington's Sentence

Edrington argues that the district court imposed a procedurally unreasonable sentence because it failed to explain why it rejected his argument about the disparity of his and his co-defendants' sentences.

This court reviews the district court's sentencing decision for reasonableness. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). A sentence where the district court considered a properly calculated Guidelines range is presumptively reasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

To determine the procedural reasonableness of a sentence, we ensure that the district court "'adequately explain[ed] the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *United States v. Bolds*, 511 F.3d 568, 580 (quoting *United States v. Gall*, 128 S. Ct. 586, 597 (2007)) (alteration in original). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

In the instant case, the district court heard Edrington's argument, asked for a response from the government, and notified Edrington that it would take his argument into account. The district court met its burden under *Rita* by following the correct sentencing procedures and adequately explaining its basis for the sentence. Thus, the district court sentenced Edrington reasonably.

AFFIRMED.