NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0088n.06

No. 10-6300

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jan 25, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )    ON APPEAL FROM THE
) UNITED STATES DISTRICT
v. ) COURT FOR THE WESTERN
) DISTRICT OF TENNESSEE
RICHARD HUGHES, )
)
    Defendant-Appellant, )    OPINION
)
_____ )

**Before: McKEAGUE and WHITE, Circuit Judges; BARRETT, District Judge.**[*]

**Michael R. Barrett, District Judge.** Appellant Richard Hughes appeals the district court's

sentence. We **Affirm**.

Mr. Hughes pleaded guilty to being a felon in possession of a gun in violation of 18 U.S.C.

§ 922(g). According to the Presentence Investigation Report ("PSR") and revised PSR, Mr. Hughes

qualified as an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

§ 924(e). At the sentencing hearing, the Government introduced copies of the judgment sheets and

informations, as well as the arrest ticket and affidavit of complaint for two burglaries. These crimes

involved the burglary of two separate storage sheds. Lawn equipment and power tools were taken

from both locations and then deposited into a third, abandoned shed. Under Count One, Mr. Hughes

was convicted of burglary of a building to wit: a shed, located in the rear of 3044 Danville, on

_____

[*]The Honorable Michael R. Barrett, United States District Judge for the Southern District of
Ohio, sitting by designation.

August 22, 2003. Under Count Two, Mr. Hughes was convicted of burglary of a building to wit: a shed, located in the rear of 3078 Danville, on August 22, 2003.

Before the district court, Mr. Hughes' position was that although two sheds in two different locations had been burglarized, the criminal episode was not complete until Mr. Hughes deposited the items taken in the burglaries into the third shed. The district court determined that the burglaries were separate, in distinct locations, and separated by time and that Mr. Hughes could not have proceeded to the second burglary without having completed the first. The district court sentenced Mr. Hughes to 180 months imprisonment.

On appeal, Mr. Hughes argues that his conviction for two counts of burglary of a building did not involve criminal acts committed on different occasions, but rather, they were one continuing criminal episode. (Appellant's Br. 10, 16.)

The Court reviews de novo the district court's determination that the two burglaries were committed on occasions different from one another. *United States v. Hill*, 440 F.3d 292, 295 (6th Cir. 2005) (citing *United States v. Murphy*, 107 F.3d 1199, 1208 (6th Cir. 1997)).

To trigger a sentence enhancement under the ACCA, a defendant's prior felony convictions must involve separate criminal "episodes." *United States v. Martin*, 526 F.3d 926, 938–39 (6th Cir. 2008) (citing *United States v. Hughes*, 924 F.2d 1354, 1361 (6th Cir. 1991)). This Court has held that "an episode [is] an incident that is part of a series, but forms a separate unit within the whole. Although related to the entire course of events, an episode is a punctuated occurrence with a limited duration." *United States v. Thomas*, 211 F.3d 316, 319 (6th Cir. 2000) (quotations omitted). More

2

recently, in *United States v. Hill*, 440 F.3d 292, 297 (6th Cir. 2006), this Court determined that there

are at least three indicia that indicate whether offenses are separate from each other:

> First, two offenses are "committed on occasions different from one another" under the ACCA, if it is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins. . . . Second, two offenses are committed for ACCA purposes if it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense. . . . Finally, separate offenses are committed if the offenses are committed in different residences or business locations.

*Hill*, 440 F.3d at 297–98 (quoting 18 U.S.C. § 924(e)(1)).

Mr. Hughes burglarized two different sheds at two different addresses. The first burglary was

a completed act before the second, and the subsequent disposition of the stolen goods does not alter

this determination. *See Hill*, 440 F.3d at 298. The presence of a definable end point is most germane

to the analysis. *See id.* At sentencing, the district court conducted an analysis under *Hill* and

determined that the burglaries were separated by location and time. The district judge further found

that Mr. Hughes could not have proceeded to the second burglary until the first was completed.

Therefore, the district court did not err in determining the burglaries to be separate offenses.

Accordingly, we **<u>Affirm</u>** the district court's judgment.