NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0310n.06

No. 12-5062

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Mar 27, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| HOMER EUGENE BANNER, | ) | |
| | ) | |
| *Defendant-Appellant.* | ) | |

Before: MOORE and STRANCH, Circuit Judges; and HOOD, District Judge.*

PER CURIAM. Homer Eugene Banner argues that three separate drug offenses committed over a fifteen-day period, but consolidated for the purposes of plea and sentencing, should be considered a single criminal episode under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (2006) ("ACCA"). Hence, he contends that he should not have been subjected to the mandatory minimum sentence of fifteen years under § 924(e)(1). We disagree.

**BACKGROUND**

In 2011, defendant was charged with being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) and subsequently entered a plea of guilty. When calculating defendant's offense level prior to his sentencing hearing, the probation officer determined that defendant had three prior convictions for serious drug offenses and, thus, qualified as an armed career criminal

---

*The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

under § 924(e).  Specifically, defendant was charged in Hamblen County Criminal Court with delivering 0.5 grams of cocaine on September 24, 2002, delivering 0.5 grams of cocaine on October 2, 2002, and delivering 0.9 grams of cocaine on October 9, 2002.  Defendant entered a single plea of guilty to all three offenses and was sentenced to a concurrent term of eight years imprisonment for the combined offenses on August 5, 2005.

Although defendant recognized that his argument was foreclosed by controlling legal authority, he objected during his sentencing hearing to the district court's classification of him as an armed career criminal based on these three prior offenses.  Specifically, defendant argued that the three offenses committed across a fifteen-day span, but consolidated solely for the purposes of his guilty plea and sentencing, should constitute a "single criminal episode" under § 924(e)(1), and should count as only one qualifying conviction for the purposes of § 924(e)(1).  The district court overruled defendant's objection, applied the fifteen-year mandatory minimum prison sentence under § 924(e)(1), and sentenced defendant to one hundred and eighty months of incarceration.

## STANDARD OF REVIEW

Defendant "presents a legal question concerning the interpretation of a statute, a matter we review de novo." *United States v. Brady*, 988 F.2d 664, 666 (6th Cir. 1993) (en banc) (citing *United States v. Brown*, 915 F.2d 219, 223 (6th Cir. 1990)).

## ANALYSIS

Defendant admits that his previous convictions qualify as serious drug offenses but argues that the three offenses should be collectively considered as a single criminal episode.  Therefore, he

argues that the district court's classification of him as an armed career criminal and corresponding imposition of a fifteen-year mandatory minimum sentence was improper.

The Sixth Circuit has compiled three factual "indicia" from its previous decisions to determine if offenses are separate from one another under the ACCA. *United States v. Hill*, 440 F.3d 292, 297–98 (6th Cir. 2006). First, offenses are separate "if it is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins." *Id.* at 297. "Second, two offenses are committed for ACCA purposes if it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense." *Id.* "Finally, separate offenses are committed if the offenses are committed in different residences or business locations." *Id.* at 298. "Offenses are separate if they meet *any* of these three tests." *United States v. Jones*, 673 F.3d 497, 503 (6th Cir. 2012) (citing *United States v. Paige*, 634 F.3d 871, 873 (6th Cir. 2011)).

So long as a defendant's offenses meet one of the *Hill* tests, the amount of time between the individual offenses is relatively unimportant. For example, in *Brady*, one of the cases from which these indicia were extracted, this Court held that "offenses committed by a defendant at different times and places . . . , *although committed within less than an hour of each other*, are separate and distinct criminal episodes and . . . convictions for those crimes should be counted as separate predicate convictions under § 924(e)(1)." *Brady*, 988 F.2d at 669 (emphasis added). Similarly, this Court has also found based on these indicia that offenses occurring within ten minutes of each other in the same geographical location still constitute separate offenses. *United States v. Thomas*, 381 F. App'x 495, 506 (6th Cir. 2010) (unpublished) (holding that a defendant committed separate

3

offenses when he robbed several individuals at the same location, but retreated on foot to the corner of the block or to hide behind cars between each robbery).

Pursuant to this authority, it is clear that defendant's drug offenses are separate criminal episodes under the ACCA. Because each offense occurred on a separate day, there is a distinct separation between the beginning and ending of all three offenses. Specifically, defendant's second offense took place eight days after his first offense, and his third offense took place seven days after the second offense. As the court's opinion in *Thomas* demonstrates, a temporal proximity of far less time than between seven and eight days has been construed as failing to qualify as a single criminal episode under the ACCA, and defendant's argument that the close temporal proximity of his crimes turns them into a single criminal episode must fail. *Id.* Further, defendant could have easily ceased his criminal conduct after either the first or second offenses, but, instead, he made the conscious decision to participate in each offense after terminating the last with plenty of time to reflect in between. Therefore, defendant's offenses easily meet the first and second *Hill* tests. No more is required to find that defendant is an armed career criminal under the ACCA.

The fact that defendant's offenses were consolidated for sentencing and plea purposes does not change this result. Indeed, the "relevant factor for determining the number of predicate offenses under the ACCA is not the date of conviction for those predicate offenses, but the date that the defendant committed the offense for which he is subsequently convicted." *United States v. Roach*, 958 F.2d 679, 683 (6th Cir. 1992) (noting that this was the government's argument and that the court agreed with the government); *see also Paige*, 634 F.3d at 873 (holding that five robberies were separate offenses even though the defendant pled guilty to all five robberies at the same time).

4

Defendant asks us to change the aforementioned established law on the basis of a policy argument outlined by the dissent in *Brady*. *Brady*, 988 F.2d at 670–77 (Jones, J., dissenting). In reliance on the *Brady* dissent, defendant argues that the ACCA was meant to enhance punishments for "only incorrigible, habitual criminals," but not for individuals who happened to commit three crimes in a relatively short time period like defendant. *Id.* at 672. Since the *Brady* decision, however, this Court has repeatedly rejected this argument. *See, e.g.*, *Jones*, 673 F.3d at 503–04 (holding that a burglary and an assault inside the burglarized home were separate offenses because the assault occurred an hour after the defendant entered the residence without consent); *Paige*, 634 F.3d at 872-73 (holding that five robberies that occurred close in geographical location within the same day constituted separate offenses); *United States v. Carnes*, 309 F.3d 950, 955–56 (6th Cir. 2002) (holding that a defendant who robbed adjacent houses, one immediately after the other, committed two separate crimes since it was possible to distinguish between the end of the first offense and the beginning of the second). We will continue to follow this circuit's established precedent.

## CONCLUSION

We conclude that the district court did not err when it overruled defendant's objection to his classification as an armed career criminal and imposed a term of imprisonment of one hundred and eighty months.

**AFFIRMED.**