NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0241n.06

Case No. 13-6171

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Mar 31, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES,                          )
                                        )
    Plaintiff-Appellee,             )
                                        )
                                     )    ON APPEAL FROM THE UNITED
v.                                      )    STATES DISTRICT COURT FOR
                                        )    THE EASTERN DISTRICT OF
TROY MELLOTT,                           )    KENTUCKY
                                        )
    Defendant-Appellant.            )
                                        )

BEFORE: COLE and SUTTON, Circuit Judges; CLELAND, District Judge.[*]

SUTTON, Circuit Judge. The federal government charged Troy Mellott with being a felon in possession of a firearm. He pled guilty to the charge. At sentencing, the district court determined that he was an armed career criminal, requiring a mandatory minimum sentence of fifteen years. On appeal, Mellott challenges his sentence. We affirm.

Under 18 U.S.C. § 924(e)(1), a person who possesses a firearm and has "three previous convictions . . . for a violent felony" is an armed career criminal subject to a fifteen-year mandatory minimum. Mellott concedes that he has three previous violent felony convictions: two for burglary in 1996 and one for breaking and entering in 2004. He argues that he

---

[*] The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

committed the two burglaries on the same occasion, making him a violent felon just twice over and making him subject to a *ten-year* mandatory minimum.

We disagree. Mellott committed the 1996 burglaries on different occasions. The arrest records show that the police arrested Mellott for burglary of a dwelling twice—once on April 5, 1996 for a violation on an unspecified date, and once on April 6, 1996 for a violation on April 2, 1996 at 9:30 a.m. The state court indictment charged him with the burglary of a dwelling and theft of cash on April 1, 1996, and the burglary of the same dwelling and theft of electronics and other personal property on April 2, 1996—four counts in all. He pled guilty to all four counts. His two seven-year sentences for the burglary counts and two two-year sentences for the theft counts ran "concurrently for a total of seven years." R.12-2 at 4. These records—two burglary arrests, two burglary counts, two burglary convictions and two burglary sentences—confirm that Mellott committed two distinct burglaries. "[I]t is possible to discern the point at which the first offense [was] completed" (at least by midnight on April 1, 1996) "and the subsequent point at which the second offense beg[an]" (9:30 a.m. on April 2, 1996), establishing that Mellott committed the burglaries on different occasions. *United States v. Hill*, 440 F.3d 292, 297 (6th Cir. 2006).

To this way of thinking about his sentence, Mellott offers two responses. He first points to the beginning of the state court judgment, where the court summarized each charge in the indictment as occurring on "April 1 and 2, 1996." R.12-2 at 3. Yet, as the district court correctly explained, Mellott pled guilty to the indictment, which included two charges for two burglaries on two different dates resulting in the theft of two different sets of property, and his guilty plea led to two counts of conviction for burglary. The one-sentence summary of the charges in the

judgment does not cut against the district court's finding that Mellott committed the burglaries at two different times.

Mellott next points to the end of the state court judgment, where the court set his sentences to run concurrently. Yet the consolidation of offenses "for sentencing or for concurrent sentences" is "immaterial for ACCA enhancement purposes . . . , so long as the separate offenses for which the defendant was convicted occurred at different times and/or places." *United States v. Martin*, 526 F.3d 926, 939 (6th Cir. 2008).

Mellott separately questions the district court's finding that he stole the relevant firearm. He concedes, however, that this finding and its effect on his guidelines range do not come into play if the mandatory minimum sentence for armed career criminals applies. It does, making this argument irrelevant.

For these reasons, we affirm the judgment of the district court.