RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0270p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

No. 13-6506

*v.*

ROBERT A. JENKINS, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Covington.
No. 2:12-cr-00052-1—David L. Bunning, District Judge.

Decided and Filed: October 27, 2014

Before: SILER, SUTTON, and McKEAGUE, Circuit Judges.

_____

### COUNSEL

**ON BRIEF:** Deanna L. Dennison, Covington, Kentucky, for Appellant. Charles P. Wisdom, Jr., Neeraj K. Gupta, UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

_____

### OPINION

_____

SUTTON, Circuit Judge. When Robert Jenkins pleaded guilty to being a felon in possession of a firearm, that was the least of his problems. This was not his first encounter with the criminal laws, and the Armed Career Criminal Act (ACCA) does not take kindly to recidivists. It imposes a mandatory minimum fifteen-year sentence on anyone previously convicted of three or more violent felonies that occurred "on occasions different from one

1

another." Kentucky previously convicted him of robbing nine different homes during an alcohol-and-drug-induced crime spree that, depending on whom you believe, lasted one day or four days. The district court determined that Jenkins' nine robberies, involving homes separated by one to two miles apiece, amounted to distinct violent felonies. We affirm.

In 2012, Robert Jenkins pleaded guilty to violating the federal felon-in-possession statute. *See* 18 U.S.C. § 922(g). In 1990, he was convicted in Kentucky of robbing nine different homes. The Government says the nine crimes took place over four nights. Jenkins says they took place on just one. At Jenkins' federal sentencing hearing, the district court assumed without deciding that Jenkins was right about the timeline but nevertheless treated his convictions as nine separate crimes. Based on that treatment, it deemed Jenkins an "armed career criminal" under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and sentenced him to fifteen years of imprisonment— the minimum sentence under the statute. Jenkins appeals. We give fresh review to the district court's decision. *See United States v. Barbour*, 750 F.3d 535, 538–39 (6th Cir. 2014).

The Armed Career Criminal Act enhances punishments for anyone convicted of three or more violent felonies that occurred "on occasions different from one another." 18 U.S.C. § 924(e). Sometimes, figuring out whether two crimes happened on different occasions is easy. If say Smith assaulted an Akron bank teller in 2005 and robbed a Nashville home in 2010, no one (except perhaps Smith) would hesitate to conclude that the two felonies occurred on two different occasions. Other times, the issue is harder, if say several crimes occurred during a compressed period of time or in the same place. In such settings, we consider three basic questions in the context of the circumstances of the crimes. Can we distinguish between "the point at which the first offense is completed" and the "point . . . the second offense begins"? *United States v. Hill*, 440 F.3d 292, 297 (6th Cir. 2006). Could the felon have "cease[d] his criminal conduct after the first offense" and "withdraw[n] without committing the second"? *Id.* And did the offenses take place in "different residences or business locations"? *Id.* at 298.

Unhappily for Jenkins, these questions do not help his cause. Each burglary began when he broke in and ended when he left with the stolen goods. He could have called it a night after leaving each house, but instead traveled "a mile or two" to continue his spree someplace else. And each burglary violated a different victim's home. Sealed R. 64 at 6. The district court

correctly ruled that Jenkins had previously committed three (indeed nine) violent crimes. *See United States v. Carnes*, 309 F.3d 950, 955–56 (6th Cir. 2002) (treating two burglaries of "adjacent homes" as separate offenses). It matters not whether Jenkins or the Government is right about the number of days this crime spree lasted. Even under Jenkins' version of events (that he robbed nine houses in one night), the result would not change. Convictions for crimes committed "less than an hour" apart can still qualify as committed-on-different-occasions felonies. *United States v. Brady*, 988 F.2d 664, 669 (6th Cir. 1993) (en banc). It follows that crimes committed one to two miles apart in nine different homes over the course of less than twenty-four hours amount to distinct felonies too.

Jenkins claims that the phrase "committed on occasions different from one another" is unconstitutionally vague. But the Due Process Clause does not force Congress to legislate in "encyclopedic[] terms." *Sykes v. United States*, 131 S. Ct. 2267, 2277 (2011). "[G]eneral," "qualitative," or "normative" terms suffice, *id.*, so long as they are "sufficient[ly] definite[] that ordinary people can understand what conduct is prohibited" and sufficiently constrained that the possibility of "arbitrary and discriminatory enforcement" is limited, *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). For some time, our court and others have consistently held that "crimes occurring at separate times, at separate locations, and against separate victims" are separate criminal episodes, providing ample notice to the citizenry of the consequences of such crimes, whether serially committed or not. *United States v. Michel*, 446 F.3d 1122, 1136 (10th Cir. 2006) (listing cases). Having sequentially burglarized nine separate houses, Jenkins cannot credibly claim that he was ambushed by the district court's decision to apply the Act against him. No due process violation occurred.

Jenkins separately questions our decision in *Hill*, invoking our unpublished decision in *United States v. Mann* and some of the criticisms leveled against *Hill* in it. 552 F. App'x 464 (6th Cir. 2014). This is more molehill than mountain. All *Hill* does is sharpen the inquiry by focusing the court on the kinds of questions that have come up in prior ACCA cases. It does not purport to be an exclusive list of questions or otherwise require courts to ignore other circumstances that might affect the "occasions different from one another" analysis. *Dictum* in *United States v. Jones*, to the effect that an affirmative answer to any one *Hill* question *requires*

the conclusion the crimes are distinct, is just that: *dictum*. 673 F.3d 497, 503 (6th Cir. 2012). Thus, when deciding whether criminal conduct amounts to two crimes or one, it is well to use the *Hill* questions—all based on prior decisions from our court—as informative standards, not hidebound rules.

By any standard, Jenkins comes up short, as this robbery spree bears little resemblance to crimes treated as occurring on the same occasion. We have combined two crimes when one did not end before the other began. *See United States v. Thomas*, 211 F.3d 316, 321 (6th Cir. 2000); *United States v. Murphy*, 107 F.3d 1199, 1210 (6th Cir. 1997). But that did not happen here. We have combined two crimes when they took place "at the same location" and "within moments" of each other. *United States v. Graves*, 60 F.3d 1183, 1187 (6th Cir. 1995); *see also Mann*, 552 F. App'x at 470. But that did not happen here. And we have combined two crimes when the Government provided no evidence to show that they did not overlap. *See Barbour*, 750 F.3d at 540–42. But that did not happen here. The district court properly treated Jenkins as an armed career criminal.

For these reasons, we affirm.