**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0029n.06
Filed: January 15, 2009

**No. 06-5907**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| JUDUNE BROWN, | ) | |
| | ) | |
| Defendant-Appellant. | | |

**BEFORE: NORRIS, BATCHELDER, ROGERS, Circuit Judges.**

**ROGERS, Circuit Judge.** Defendant Judune Brown challenges the 188-month prison sentence imposed on him following his guilty plea on the charge of being a felon in possession of a firearm. Brown argues that the district court erred in classifying him as a Armed Career Criminal during sentencing. Because this argument is without merit, we affirm the sentence imposed by the district court.

On April 2, 2004, Brown attempted to rob the Liberty Super Market in Memphis, Tennessee. One employee prevented Brown from entering the market's office area, while another employee confronted Brown. Brown struggled with the second employee, struck the employee over the eye with a handgun, and then fled from the store. Police officers and the market owner pursued Brown, and a witness reported seeing Brown fire multiple shots during the pursuit. Brown then attempted

to escape in a car, but was apprehended after he wrecked the car. Officers found a handgun on the driver's seat in the wrecked car.

After his arrest, police discovered that Brown was a convicted felon. As a result, he was indicted in the United States District Court for the Western District of Tennessee on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Brown pled guilty to this charge on February 10, 2006.

The Presentence Report ("PSR") prepared for Brown's sentencing hearing determined that he should be assigned an offense level of 34 under the Sentencing Guidelines. This level was based on Brown's classification as an Armed Career Criminal under 18 U.S.C. § 924(e) and Brown's use of his gun in connection with a crime of violence. U.S.S.G. § 4b1.4(b)(3)(A). The PSR listed three prior aggravated robbery convictions as the predicate offenses for Brown's Armed Career Criminal classification. The district court accepted this classification and the corresponding offense level of 34. The court subtracted three levels based on Brown's acceptance of responsibility.

The court's calculations produced a final offense level of 31, which, with Brown's criminal history category of VI, resulted in a Guidelines sentencing range of 188 to 235 months in prison. The district court addressed the relevant sentencing factors under 18 U.S.C. § 3553(a) and concluded that Brown should serve a term of 188 months in prison, to be followed by three years of supervised release.

Brown's sole argument on appeal is that the district court erred in classifying him as an Armed Career Criminal. Brown argues that this classification was inappropriate because his three

predicate offenses "were the result of a single arrest, a single court hearing, and all the sentences imposed ran concurrently." Because these facts are not relevant to Brown's classification under the Armed Career Criminal Act ("ACCA"), the district court's classification and resulting sentence were proper.

The district court properly classified Brown as an Armed Career Criminal under 18 U.S.C. § 924(e)(1). The statute provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

§ 924(e)(1). This court reviews de novo the district court's legal determination that Brown's offenses were "committed on occasions different from one another." *United States v. Hill*, 440 F.3d 292, 295 (6th Cir. 2006). While in some cases this determination involves a detailed analysis of the distinct nature of a series of uninterrupted offenses, *see, e.g., United States v. Murphy*, 107 F.3d 1199 (6th Cir. 1997), this is not one of those cases. Brown has three prior convictions for aggravated robbery involving three different victims on three different days in October and November of 1996. The district court correctly treated these convictions as separate episodes when classifying Brown as an Armed Career Offender.

In his brief, Brown concedes this fundamental point: "[t]he defendant concedes that under this Court's case law regarding whether convictions qualify as separate occasions, the three convictions . . . qualify as three separate crimes." Instead, Brown argues that classifying him as an

Armed Career Criminal "does not advance Congress' intent to punish recidivist offenders under the ACCA" because "the predicate offenses of the defendant were the result of a single arrest, a single court proceeding, and resulted in concurrent sentences." On several occasions, this court has explicitly rejected the argument that these facts make classification under § 924(e)(1) improper. *See United States v. Anderson*, 76 F.3d 685, 691 (6th Cir. 1996) ("[D]efendant's receipt of concurrent sentences for these three prior felony drug convictions does not mean that the convictions were part of the same criminal episode."); *United States v. Roach*, 958 F.2d 679, 683 (6th Cir. 1992) (finding Armed Career Criminal status appropriate even though "all of the convictions occurred on the same date and stemmed from the same indictment"); *United States v. White*, No. 05-6737, 2007 WL 1217960, at *3 (6th Cir. April 25, 2007) (holding these same facts irrelevant to the ACCA classification); *James v. United States*, 217 F. App'x 431, 441 (6th Cir. 2007); *United States v. Perkins*, 242 F. App'x 338, 342-43 (6th Cir. 2007). Therefore, the district court appropriately rejected this argument and classified Brown as an Armed Career Criminal under § 924(e)(1).

For these reasons, we AFFIRM Brown's sentence.