NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0358n.06

No. 07-5567

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jun 11, 2010**
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| DEMONDO HINES, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

BEFORE: MARTIN and GRIFFIN, Circuit Judges; and DUGGAN, District Judge.[*]

GRIFFIN, Circuit Judge.

Defendant Demondo Hines appeals his 180-month mandatory minimum Armed Career Criminal sentence entered by the district court in connection with his guilty plea to being a felon in possession of a firearm, 18 U.S.C. § 922(g). Hines's sole argument on appeal is that the district court allegedly erred in sentencing him as an Armed Career Criminal. We disagree and affirm.

I.

At the time of the present offense, Hines had several prior felony convictions. Pertinent to this appeal are four aggravated robberies Hines committed in 1995 in Memphis, Tennessee. Specifically, on July 29, 1995, at approximately 10:40 p.m., Hines and another man approached a

---

[*]The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

woman at 1026 Jackson Street, stuck a handgun in her side, stole her car and purse, and drove northbound on Jackson Street. Later on July 30, 1995, at 12:09 a.m., Hines and three other men approached a limousine driver on Vance Street. One of the men jumped into the back seat of the parked limousine, stole a purse left behind by a passenger, and struck the driver in the face. A couple of hours later, at 2:10 a.m., Hines and several others brandished a pistol at four women walking down Main Street, instructing them to drop their purses. The men grabbed the purses and fled on foot. Finally, at 4:30 a.m. on Beal Street, Hines and several men exited a parked vehicle, displayed a pistol, and took money and personal property from two women walking down the street. Hines fled the scene in the first victim's car.

On January 25, 2006, a federal grand jury indicted Hines for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Hines pled guilty to the indictment pursuant to a plea agreement with the government, which contained an agreed-to 70-month term of imprisonment pursuant to FED. R. CRIM. P. 11(c)(1)(c).

Hines's presentence report ("PSR") assessed his base offense level at 24, U.S.S.G. § 2K2.1(a)(2) (2006), "Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition[,]" and recommended a four-level upward adjustment, U.S.S.G. § 2K2.1(b)(6), because he purportedly used the firearm in connection with another felony offense. The PSR calculated his criminal history at Category VI based on 18 criminal history points. The PSR also afforded a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a)-(b), yielding a total offense

level of 25 and an advisory Guidelines range of 110-137 months of imprisonment. *See* U.S.S.G. ch. 5, pt. A (Sentencing Table) (2006).

However, the PSR recommended applying U.S.S.G. § 4B1.4 (2006), "Armed Career Criminal," instead of § 2K2.1(a)(2), because Hines had at least three prior violent felony convictions. *See* 18 U.S.C. § 924(e). The PSR assessed his base offense level at 34 because § 4B1.4(b)(3)(A) provides that if the firearm illegally possessed by Hines in the § 922(g) conviction was used in connection with a crime of violence, the base offense level is 34 rather than 33, which would otherwise apply. The PSR continued to apply a three-level reduction for acceptance of responsibility, § 3E1.1(a)-(b), and Hines's criminal history remained at Category VI, § 4B1.4(c)(1), yielding a total offense level of 31 and an advisory Guidelines range of 188-235 months of imprisonment. *See* U.S.S.G. ch. 5, pt. A (Sentencing Table) (2006).

On April 12, 2007, the district court conducted Hines's sentencing. At the hearing, the district court recalculated Hines's total offense level at 30, which produced an advisory Guidelines range of 168-210 months of imprisonment. *See* U.S.S.G. ch. 5, pt. A (Sentencing Table) (2006).

Next, the district court stated that if it were to sentence Hines as an Armed Career Criminal, the resulting 180-month mandatory minimum prison sentence under 18 U.S.C. § 924(e) would conflict with the 70-month agreed-to sentence contained in the parties' plea agreement. In light of this development, the district court engaged in a lengthy discussion with Hines, placing him under oath, and asking him repeatedly whether he wanted to withdraw his guilty plea and proceed to trial.

*See* FED. R. CRIM. P. 11(c)(5)(B). Hines responded that he was guilty, did not want to withdraw his plea, and had no desire for a trial.

After Hines declined to withdraw his plea, the district court considered his argument that the aggravated robberies in June 1995 should count as only one predicate offense because they represented a single, continuous six-hour crime spree, rather than four separate criminal episodes. The district court rejected Hines's position, ruling that the aggravated robberies, although close in time, occurred at different locations, involved different victims, and, most importantly, after Hines had completed each robbery, he had safely escaped and could have ceased his criminal conduct. The district court thereafter applied U.S.S.G. § 4B1.4 and sentenced Hines to the statutory mandatory minimum of 180 months of imprisonment pursuant to 18 U.S.C. § 924(e).

Hines timely appeals his sentence.

## II.

We review de novo Hines's sole contention on appeal – that the district court erred in classifying him as an Armed Career Criminal.[1] *United States v. Hill*, 440 F.3d 292, 295 (6th Cir. 2006). The Armed Career Criminal Act ("ACCA") states:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, *committed on occasions different from one*

---

[1]Hines has not argued that the district court erred in concluding that each of his predicate aggravated robbery convictions are violent felonies under 18 U.S.C. § 924(e). Accordingly, we deem the issue forfeited. *United States v. Johnson*, 440 F.3d 832, 845-46 (6th Cir.2006) ("[A]n appellant abandons all issues not raised and argued in its initial brief on appeal[.]") (internal quotation marks and citations omitted).

*another*, such person shall be fined [not more than $25,000] and imprisoned not less than fifteen years. . . .

18 U.S.C. § 924(e)(1) (emphasis added).

Whether his four convictions for aggravated robbery are separate predicate offenses under ACCA is a function of whether they represent multiple criminal episodes that were distinct in time, as opposed to multiple convictions arising out of a single criminal episode. *United States v. Murphy*, 107 F.3d 1199, 1209 (6th Cir. 1997). We have defined an "episode" as "an incident that is part of a series, but forms a separate unit within the whole. Although related to the entire course of events, an episode is a punctuated occurrence with a limited duration." *Id.* (citation omitted). Hines argues that because his convictions stem from a single, six-hour crime spree, he is not the type of continuous recidivist that ACCA is designed to punish.

While in many cases this inquiry "involves a detailed analysis of the distinct nature of a series of uninterrupted offenses, *see, e.g.*, [*Murphy*, 107 F.3d at 1208-10], this is not one of those cases." *United States v. Brown*, 306 F. App'x 941, 942 (6th Cir. 2009) (unpublished). We previously rejected Hines's close-in-time argument in *United States v. Brady*, 988 F.2d 664 (6th Cir. 1993) (en banc). Sitting en banc, we held "that offenses committed by a defendant at different times and places and against different victims, although committed within less than an hour of each other, are separate and distinct criminal episodes and that convictions for those crimes should be counted as separate predicate convictions under § 924(e)(1)." *Id.*

In *Brady*, two of the defendant's predicate convictions were for robberies that occurred on the same night. *Id.* at 666. Specifically, on December 22, 1976, the defendant brandished a

sawed-off shotgun and robbed several women at the Mack Avenue Beauty Shop. *Id.* This robbery

occurred at approximately 9:30 p.m. *Id.* Thirty minutes later, the defendant entered the Club

Continental Bar. *Id.* About fifteen minutes later, he brandished the same weapon, robbed several

people, and shot a woman in the leg. *Id.* The defendant argued that his two prior convictions for

armed robbery "should count only as one predicate offense because they represent[ed] a single,

continuous crime spree rather than two separate offenses. [The defendant] focuse[d] on the thirty to

forty-five minute time period that separated the two offenses and argue[d] that close proximity in

time merges otherwise distinct offenses for purposes of determining predicates under § 924(e)(1)."

*Id.* at 668.

We rejected this argument because the defendant's crimes were committed "against different

victims at different places and at distinctly different times" and he had successfully completed his

first robbery and escaped from the beauty shop before he committed the second robbery at the bar.

*Id.* at 669. According to our en banc court,

> while [the] defendant [] sat at the Club Continental Bar with his concealed shotgun,
> he could have decided that the one robbery . . . was enough for the evening. Instead,
> he decided to rob again, and, after robbing the patrons of the bar, he shot one female
> patron in the leg. Thus, seen from either an objective or subjective point of view,
> [the] defendant['s] crimes were separate episodes.

*Id.* at 669-70.

Hines does not challenge on appeal that his predicate offenses occurred at different locations,

at separate times, and involved different victims. Most importantly, he escaped each robbery safely

before deciding to resume his criminal activity. Under these circumstances, we hold that *Brady*

controls Hines's argument. Moreover, in the district court during the sentencing hearing, Hines's counsel stated that "legally speaking under the law, yes. . . .[t]here are four criminal episodes" Counsel also conceded that *Brady* was controlling precedent, arguing "that the *Brady* decision was in error and that we are preserving this issue for the purpose of appeal to try to change the court of appeals mind about that case law."

It is a well-established rule that a panel of this court may not overrule a prior published decision absent en banc review or an intervening and binding change in the state of the law. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009); *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). The *Brady* decision is a published en banc opinion and remains controlling authority.

## III.

For these reasons, we affirm Hines's sentence.