**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 20 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DAVID DEWAYNE DOSHIER,

    Defendant-Appellant.

No. 04-6041

(D.C. No. 03-CR-175-R)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **TYMKOVICH**, Circuit Judges.

Defendant David Dewayne Doshier appeals the sentence imposed after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). As a result of his prior criminal record, Doshier was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924, and received the mandatory minimum sentence of 180 months. On appeal, Doshier contends the ACCA should not apply to him because two of the three predicate felonies arose from a single criminal episode. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.

On July 23, 2003, Doshier was arrested and later pled guilty to being a felon in possession of a firearm. The government filed a notice of intent to seek enhanced penalties under the ACCA based on four of Doshier's prior convictions:

> 1. Case No. CF-88-1666. Police arrested Doshier after methamphetamine was found in his car during a traffic stop on March 19, 1988. He received the methamphetamine from a dealer on March 16, 1988. Doshier pled guilty on September 13, 1988, to possession of a controlled substance with intent to distribute, a felony.
> 2. Case No. CF-88-2022, count 1. From June 1986 until June 1988, Doshier was involved in a drug conspiracy. He pled guilty on January 20, 1989, to conspiracy to traffic a controlled dangerous substance, a felony.
> 3. Case No. CF-88-2022, count 2. Other members of the conspiracy charged in count 1 sold drugs on March 29, 1988, and Doshier was charged as a co-conspirator. He pled guilty on January 20, 1989, to trafficking of a controlled dangerous substance, a felony.
> 4. Case No. CF-94-1222. On September 19, 1994, Doshier was convicted of distribution of a controlled dangerous substance, a felony.

At the sentencing hearing for his 2003 firearm conviction, the district court overruled his objections to the ACCA penalty enhancement and sentenced Doshier as an armed career criminal, relying upon the convictions for possession with intent to distribute (CF-88-1666), conspiracy to traffic (CF-88-2022, Count 1), and distribution (CF-94-1222) as the three predicate felonies. The district court did not determine whether the trafficking conviction (CF-88-2022, Count 2) could be considered a fourth conviction, although the government contended it was. The parties agreed that the 1994 distribution conviction (CF-94-1222) was a predicate felony for purposes of the ACCA.

2

II.

A sentence enhancement imposed under the ACCA is reviewed de novo. United States v. Johnson, 130 F.3d 1420, 1430 (10th Cir. 1997). The government bears the burden of proving by a preponderance of the evidence that the sentence enhancement is appropriate. Id.

The ACCA authorizes a mandatory minimum sentence of fifteen years' imprisonment for a defendant convicted of being a felon in possession of a firearm if the defendant "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). This court has interpreted the phrase "committed on occasions different from one another" to mean the ACCA "was intended to reach multiple criminal episodes distinct in time." United States v. Tisdale, 921 F.2d 1095, 1098-99 (10th Cir. 1990). In Johnson, we counted drug convictions arising out of drug sales occurring on three different dates as three separate convictions and concluded the drug offenses were not a single criminal episode for purposes of the ACCA. Johnson, 130 F.3d at 1430.

Doshier argues his convictions for conspiracy (CF-88-2022, Count 1) and possession with intent to distribute (CF-88-1666) were the result of a single criminal episode and therefore should be counted as a single conviction. Specifically, he argues his only involvement in the conspiracy was his receipt of methamphetamine on March 16, 1988, which, in turn, led to his arrest on March 19, 1988, for possession with intent to

3

distribute. On direct examination at his sentencing hearing, Doshier testified that his girlfriend, who was charged as a co-conspirator, was a drug dealer and that he had helped her by driving her to pick up drugs. In response to the court's question about the period of time Doshier drove his girlfriend to pick up drugs, Doshier replied he had done it a couple of times before his arrest on March 19, 1988. Additionally, the conspiracy to which Doshier pled spanned a two-year period. A guilty plea is an admission by the defendant that he committed the crimes charged in the indictment. See North Carolina v. Alford, 400 U.S. 25, 32 (1970). Doshier's plea, along with his description of the activity underlying his plea, indicate the conspiracy conviction arose from activity distinct in time from either his receipt of methamphetamine on March 16, 1988, or his possession with intent to distribute on March 19, 1988.

Even if we assume, arguendo, that Doshier's argument concerning his conspiracy conviction has merit, he has three other predicate felonies which would satisfy the ACCA requirements. The parties agreed that Doshier's 1994 distribution conviction (CF-94-1222) was a predicate felony. His trafficking conviction (CF-88-2022) arose from a sale of drugs on March 29, 1988, and was clearly distinct in time from his possession with intent to distribute conviction (CF-88-1666) that arose from activity on March 19, 1988. In Johnson, we rejected the defendant's argument that three prior convictions for the sale of narcotics on March 23, March 26, and August 26, 1993, were all part of a similar plan or scheme and should be considered a single criminal episode. Here, the criminal activity

4

at issue was separated by even a greater span of time.

       AFFIRMED.

                                       Entered for the Court

                                       Mary Beck Briscoe
                                       Circuit Judge