**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5267

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

ALFONZO TAFT,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (4:05-cr-00087)

Submitted:  September 14, 2007      Decided:  October 11, 2007

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellant.  Anthony E. Flanagan, LAW OFFICES OF ANTHONY E. FLANAGAN, PA, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfonzo Taft pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of fifty-seven months imprisonment. The government appeals the sentence, contending that the district court erred in finding that Taft was not an armed career criminal pursuant to 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2007). We agree that Taft's criminal record makes him an armed career criminal and that the sentence was imposed in error.

Under 18 U.S.C.A. § 924(e), a defendant is an armed career criminal subject to a minimum sentence of 180 months if he violates 18 U.S.C. § 922(g) and has three prior felony convictions for a "violent felony" or a "serious drug offense" (a drug offense with a maximum sentence of ten years or more), which were "committed on occasions different from one another."[*] Taft had prior convictions for selling cocaine to an undercover officer on February 9, 1994, February 25, 1994, and September 14, 1994. The district court mistakenly concluded that the two February 1994 offenses should be treated as one offense because a conspiracy charge was brought at the same time and the court believed that the conspiracy enveloped the two substantive offenses, making them part

---

[*]Guideline section 4B1.4 sets out the procedure for calculating the offense level and criminal history category for a defendant who is an armed career criminal under the provisions of § 924(e). It went into effect on November 1, 1990; see USSG App. C, amend. 355.

of one criminal episode.  We rejected the same argument in <u>United States v. Letterlough</u>, 63 F.3d 332, 337 (4th Cir. 1995).

In <u>Letterlough</u>, the defendant had two prior convictions for selling crack cocaine to an undercover officer twice on the same day.  The first sale was made at 8:35 p.m. and the second, to the same undercover officer, was made at 10:15 p.m.  <u>Letterlough</u>, 63 F.3d at 334.  We held that offenses occur on occasions different from one another if they arise out of "separate and distinct criminal episode[s]."  <u>Id.</u> at 335 (internal quotation marks and citation omitted).  We further held that Letterlough's two sales were not part of a single criminal episode.  Instead, each sale "was a complete and final transaction, and therefore, an independent offense," because "[t]he time separating the offenses was ample to give Letterlough the opportunity to make a conscious and knowing decision to engage in another drug sale."  <u>Id.</u> at 337.  Thus, the offenses were separate even if they both occurred "pursuant to a master plan to sell crack cocaine as a business venture."  <u>Id.</u>  Viewed in light of <u>Letterlough</u>, it is clear that Taft's two drug sales sixteen days apart were offenses that were committed on different occasions.

In <u>Letterlough</u>, and again in <u>United States v. Hobbs</u>, 136 F.3d 384 (4th Cir. 1998), we recognized that applying the definition of "occasions different from one another" to certain facts may be difficult, and that courts have considered a number of

factors in such situations, such as "(i) whether the offenses occurred in different geographic locations; (ii) whether the offenses were substantively different; and (iii) 'whether the offenses involved multiple victims or multiple criminal objectives.'" Hobbs, 136 F.3d at 388 (citing Letterlough, 63 F.3d at 335-36). However, these factors are not dispositive; they are merely an aid to be used when necessary. Letterlough, 63 F.3d at 335. In such difficult cases, "if any one of the factors has a strong presence, it can dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes." Id. at 336. Taft's case does not present a difficult set of facts that would necessitate consideration of these factors.

Taft argues that his February 9 and 25 drug sales constitute one predicate offense because they took place in the same geographic location, the nature of the offense was the same, and the criminal objective was the same in each case. He also argues that each sale was not a complete and final transaction because both were part of an ongoing conspiracy. We are satisfied that none of these factors establish that the two drug sales were anything but two separate transactions that occurred on different occasions. Therefore, the district court erred in refusing to sentence Taft as an armed career criminal.

Accordingly, we vacate the sentence imposed by the district court and remand for resentencing. We dispense with oral

- 4 -

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>