**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4349**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

ALFONZO TAFT,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (4:05-cr-00087-BO-1)

Submitted:  October 20, 2008        Decided:  November 10, 2008

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Long, POYNER & SPRUILL LLP, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfonzo Taft pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court declined to sentence Taft under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006), finding he lacked the requisite three prior convictions for serious drug offenses. The Government appealed, challenging the district court's decision not to designate Taft an armed career criminal. Agreeing with the Government and finding Taft did have the requisite three prior convictions, this court vacated Taft's sentence and remanded the case to the district court for resentencing in conformity with the ACCA. United States v. Taft, 250 F. App'x 581, 582 (4th Cir. 2007) (No. 06-5267) ("Taft I").

On remand for resentencing, Taft renewed his objection to the armed career criminal designation, asserting two of his prior convictions were not for separate offenses. The district court overruled Taft's objection and sentenced him to 180 months' imprisonment, the statutory mandatory minimum sentence. Taft appeals the 180-month sentence imposed on remand.

In this appeal, Taft challenges his armed career criminal designation on the ground that he did not have three prior convictions for separate serious drug offenses. The Government asserts that Taft's claim is foreclosed by the

2

decision in Taft I.  We agree with the Government.  In Taft I, we held the district court should have designated Taft an armed career criminal, and remanded the case for resentencing in accordance with that conclusion.  Taft I, 250 F. App'x 582. Thus, we find Taft's claim is barred by the law of the case doctrine and that none of the exceptions to the doctrine apply. See United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (discussing doctrine and exceptions thereto); Sejman v. Warner-Lambert Co., 845 F.2d 66, 69 (4th Cir. 1988).

Accordingly, we affirm Taft's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3