**NOT RECOMMENDED FOR PUBLICATION**
File Name: 12a0766n.06

**No. 10-1950**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

***Jul 16, 2012***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| | ) | |
| ROBERT NOEL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  SILER, DAUGHTREY, and WHITE, Circuit Judges.

**SILER**, Circuit Judge.  Robert Noel appeals his conviction and sentence for  being a felon in possession of firearms.  For the following reasons, we affirm.

I.

Noel was convicted in 2010 of two counts of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1).  Evidence gathered from the execution of two search warrants at Noel's residence led to his conviction.  In 2007, the first warrant was executed and firearms were seized.  The second warrant was executed in 2008 and, also yielded firearms.  Both search warrants were issued upon affidavits from police describing how confidential informants made controlled drug purchases from a man at Noel's address.

Noel was arrested on September 17, 2008 and indicted on September 24, 2008.  There were numerous delays before his trial began on April 6, 2010.  The district court excluded the time period

between October 9, 2008 to March 16, 2010 from Speedy Trial Act calculations. The time was excluded for "ends of justice" continuances so that Noel's initial and subsequent appointed counsel could consult with him and review discovery–the first attorney withdrew because Noel, acting *pro se*, filed objections to a brief the attorney filed–as well as for delays resulting from pretrial motions that Noel filed acting *pro se*.

After his conviction, Noel was classified by the district court as an armed career criminal and sentenced to 188 months imprisonment. He had four prior "serious drug offenses." Three of the offenses were distributing cocaine in 1991 on March 26, May 24, and May 29, and the other offense was conspiring to distribute cocaine in 1991 between March 1 and July 6.

## II.

Noel claims his speedy trial rights were violated due to the 19-month delay between his arrest and the beginning of his trial and that the district court erred when it denied his request for a *Franks* hearing and in sentencing him as an armed career criminal.

"In determining whether a defendant's right to a speedy trial has been violated, this court reviews questions of law *de novo* and questions of fact under the clearly erroneous standard." *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006).

When the district court denies a *Franks* hearing its factual findings are reviewed for clear error and its conclusions of law *de novo*. *United States v. Graham*, 275 F.3d 490, 505 (6th Cir. 2001) (citation omitted).

III.

A.

To determine if a defendant's Sixth Amendment right to a speedy trial has been violated, courts should consider: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The Speedy Trial Act requires the government to file an indictment within 30 days of a defendant's arrest and begin his trial within 70 days of the initial appearance or the filing of the indictment, whichever is later. *United States v. Myers*, 666 F.3d 402, 404 (6th Cir. 2012) (citing 18 U.S.C. § 3161). "Delays due to continuances granted by the court are excluded from the time within which a trial must start under the Speedy Trial Act if 'the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Stewart*, 628 F.3d 246, 253 (6th Cir. 2010) (citing 18 U.S.C. § 3161(h)(7)(A)).

The 19-month delay between Noel's arrest and trial is enough time to trigger speedy trial concerns. *See United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006) ("A delay approaching one year is presumptively prejudicial."). Accordingly, "[t]he core task is determining which party shoulders the balance of blameworthiness for this delay." *United States v. O'Dell*, 247 F.3d 655, 667 (6th Cir. 2001). Nearly all of the delays were caused by Noel himself. Therefore, his Sixth Amendment and Speedy Trial Act rights were not violated. As the district court explained, in its post-conviction decision, when it denied Noel's motion to dismiss due to speedy trial violations:

> Under the Speedy Trial Act, [Noel] was indicted within thirty days of being taken into federal custody. In addition, no more than thirty-four days are countable towards the calculation of the seventy-day time limit . . . .

The delay in the case was due primarily, if not exclusively, to the myriad pretrial motions filed by [Noel] and the need to clarify [Noel's] sometimes ambiguous conduct concerning whether he wished to proceed *pro se* or through defense counsel. Moreover, any prejudice that [Noel] alleges he experienced with respect to his ability to pursue his defense due to his incarceration and decision to proceed *pro se* was ameliorated by the fact that [Noel] always had highly competent and cooperative standby counsel to assist him in his defense. [Noel] has not identified any specific prejudice that could not have been addressed by this arrangement. Based on a review of the parties' filings and the entire court record, it is determined that [Noel's] speedy trial rights have not been violated.

Noel argues that under *Barker*, his case languished too long to comply with the Sixth Amendment and that the district court abused its discretion under the Speedy Trial Act when it allowed a 92-day ends-of-justice continuance.

But Noel has not shown that the district court's factual findings are clearly erroneous. Also, he has not shown that his alleged prejudice was greater than any other person subject to criminal prosecution, regardless of the length of time between that person's arrest and trial. Furthermore, since the district court has wide discretion to allow ends of justice continuances under the Speedy Trial Act, *Stewart,* 628 F.3d at 253, and the 92-day continuance was granted upon the agreement of both parties, we cannot say that the district court abused its discretion.

B.

The right to a *Franks* hearing arises as follows:

A defendant is entitled to a hearing to challenge the validity of a search warrant if he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [ ] the allegedly false statement is necessary to the finding of probable cause." If, at the evidentiary hearing, "the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining

content is insufficient to establish probable cause, the search warrant must be voided
and the fruits of the search" suppressed.

*Graham*, 275 F.3d at 505 (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)). Noel claims

he was entitled to a *Franks* hearing to challenge the validity of the search warrants. He denies drugs

were ever purchased at his residence. He argues that the government's failure to produce documents

that demonstrate the substances allegedly purchased from his home were illegal narcotics and a time

discrepancy between a warrant and its underlying affidavit prove that the alleged controlled drug

buys never took place.

Noel's argument fails. Police determined that drugs were being sold at Noel's residence

based on the statements of a reliable confidential informant, not their own knowledge, and the fact

that the substance the confidential informant obtained from Noel's residence field tested positive for

illegal narcotics. During Noel's trial, officer Timothy Larrison explained that all substances obtained

from a controlled drug buy are field tested for the presence of illegal narcotics. He testified that if

authorities choose to pursue criminal charges against someone based on evidence other than the

drugs obtained in the controlled buy then the drugs are not preserved or sent to a lab for analysis.

Here, Noel has not demonstrated that authorities knowingly and intentionally made false

statements, or made them with reckless disregard for the truth. Nor did he demonstrate that the

absence of the field tested drugs and lab documents was contrary to the ordinary practice of law

enforcement.

The time discrepancy does not help Noel meet his burden either. The warrant was issued at

1610 hours on the same day the underlying affidavit was signed at 1612 hours. "Minor discrepancies

in the affidavit may reflect mere inadvertence or negligence, rather than [a] reckless falsehood." *United States v. Elkins*, 300 F.3d 638, 649 (6th Cir. 2002). Larrison testified that he made a mistake in his notes about one of the controlled drug buys, which caused him to write the wrong time on his affidavit. This evidence "'even if construed in favor of the defendant, cannot be understood to show that [Larrison] gave either a knowingly false affidavit or otherwise acted in bad faith.'" *United States v. Mick*, 263 F.3d 553, 564 (6th Cir. 2001). Larrison's mistake "does not rise to the level of deliberate or reckless misstatements as required by *Franks*." *Id*. Accordingly, the district court did not err when it denied Noel's requests for a *Franks* hearing.

C.

Under the Armed Career Criminal Act, anyone convicted of being a felon in possession of firearms "and has three previous convictions . . . for a . . . serious drug offense, . . . committed on occasions different from one another," is an armed career criminal. 18 U.S.C. § 924(e)(1). A serious drug offense includes the possession with the intent to distribute a controlled substance and carries a maximum penalty of ten years or more of incarceration. *Id*. at § 924(e)(2)(A)(i). Whether a defendant has committed the predicate offenses to be considered an armed career criminal "is a legal issue subject to *de novo* review." *United States v. McCauley*, 548 F.3d 440, 447 (6th Cir. 2008) (citation omitted).

"[A] career criminal is one who has been convicted of three criminal episodes." *McCauley*, 548 F.3d at 448 (citations and quotation marks omitted). In *United States v. Roach*, 958 F.2d 679, 683 (6th Cir. 1992), the Armed Career Criminal Act was applied to a defendant who had been previously convicted of three serious drug offenses for selling controlled substances in 1981 on

March 11, March 12 and March 26. We rejected the defendant's argument that since these serious drug offenses were made close in time they should be considered one episode. *Id*. Instead, we held that since the defendant committed serious drug offenses on three different days the "offenses do not constitute a single criminal episode." *Id*. at 684. Here, Noel committed three serious drug offenses on three separate days in the same year.

Noel argues that two of these three offenses should be subsumed by his conspiracy conviction and be considered as only one offense since they were the substantive offenses of the overarching conspiracy and were consolidated for his plea agreement and sentencing. If so, he does not qualify as an armed career criminal because he would only be guilty of two previous serious drug offenses.

But under *McCauley*, "the fact that a defendant was convicted for [more than one] offense[] during the same judicial proceeding does not prevent those offenses from constituting 'occasions different' [from one another] under the [Armed Career Criminal Act]." 548 F.3d at 448. And conspiracy is a crime whether or not it succeeds. *United States v. Schaffer*, 586 F.3d 414, 422-23 (6th Cir. 2009). "Indeed, it is the mutual understanding or agreement itself that is criminal," not whether Noel successfully distributed drugs. *Id*. at 423. Each of his prior serious drug offenses is independent of the others. Accordingly, the district court properly sentenced Noel as an armed career criminal.

AFFIRMED.