RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0229p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LONG PHI PHAM,

*Defendant-Appellant.*

No. 17-5096

---

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 3:14-cr-00067-1—Charles R. Simpson III, District Judge.

Decided and Filed: October 3, 2017

Before: COLE, Chief Judge; ROGERS and GRIFFIN, Circuit Judges.

---

**COUNSEL**

**ON BRIEF:** Kevin M. Schad, FEDERAL PUBLIC DEFENDER, Cincinnati, Ohio, for Appellant. Terry M. Cushing, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee.

---

**OPINION**

---

COLE, Chief Judge. Long Phi Pham appeals his sentence for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). He argues the district court improperly enhanced his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). Because the enhancement was warranted, we affirm Pham's sentence.

## I.  BACKGROUND

Pham pleaded guilty to one count of being a felon in possession of a firearm under § 922(g)(1).

At sentencing, the government argued that Pham was subject to the ACCA.  The ACCA imposes a fifteen-year minimum sentence on anyone convicted as a felon in possession of a firearm who has "three previous convictions by any court" for a "serious drug offense" "committed on occasions different from one another."  § 924(e)(1).  The government cited the following three sets of convictions as qualifying offenses: 1) a 2003 Tennessee conviction for conspiring to deliver ecstasy; 2) two 2004 federal convictions for possessing with intent to distribute methamphetamine and ecstasy, respectively, each based on a February 12, 2004, sale to a confidential informant at Pham's residence; and 3) two 2004 federal convictions for possessing with intent to distribute methamphetamine and ecstasy, respectively, each based on a February 28, 2004, search of Pham's residence.

Pham objected to the application of the ACCA based on a further 2004 federal conviction, this one for conspiring to possess with intent to distribute 50 grams or more of methamphetamine and ecstasy from October 1, 2003 to February 28, 2004.  He argued that this conviction subsumed the other 2004 offenses because he committed them to further the conspiracy.  Pham contended this left just two qualifying offenses under the ACCA—the 2003 Tennessee conviction and the 2004 federal conspiracy conviction.

The district court found the ACCA applicable because Pham had committed the offenses cited by the government on different dates.  Factoring in the fifteen-year minimum required by the ACCA, the court sentenced Pham to 188 months of imprisonment and 5 years of supervised release.

Pham asks us to vacate his sentence and remand for resentencing without the ACCA enhancement under the same theory he offered at sentencing.  This requires us to determine whether the 2004 convictions the district court counted as qualifying offenses under the ACCA occurred on different occasions under the statute.

## II.  ANALYSIS

### A.  Standard of Review

"We review de novo a district court's conclusion that two offenses were committed on occasions different from one another" under the ACCA.  *United States v. Barbour*, 750 F.3d 535, 538–39 (6th Cir. 2014) (internal quotation marks and citations omitted).  The government bears the burden of proving by a preponderance of the evidence that they were.  *Id.* at 545–46. Further, it must use *Shepard* documents to do so, which include the "terms of a plea agreement" and "comparable judicial record[s] of this information." *United States v. Fraker*, 458 F. App'x 461, 464 (6th Cir. 2012) (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

In this circuit, two offenses were committed on different occasions under the ACCA if 1) it is possible to discern when the first offense ended and the subsequent point at which the second offense began; 2) the offender could have withdrawn from crime after the first offense ended and not committed the second offense; or 3) the offenses were committed at different residences or business locations. *United States v. Paige*, 634 F.3d 871, 873 (6th Cir. 2011); *see, e.g., United States v. Hill*, 440 F.3d 292, 298 (6th Cir. 2006) (finding "[a]ll three indicia of separate offenses" where defendant burglarized one business and then crossed the street to burglarize another).  The government prevails if it meets even one of the tests.  *See United States v. Southers*, 866 F.3d 364, 369 (6th Cir. 2017).

The 2004 convictions that the district court counted as qualifying offenses under the ACCA easily meet the second *Paige* test if we compare them directly to one another rather than to the conspiracy conviction.  Pham admitted to selling methamphetamine and ecstasy on February 12.  He also admitted to being caught with methamphetamine and ecstasy on February 28.  By these facts alone, Pham could have withdrawn from crime after the February 12 sale and not possessed additional quantities of the drugs more than two weeks later.  Thus, the government has met its burden.

Pham cites the Seventh Circuit's statement that to overcome this result, a defendant must at a minimum show that he made the initial sale from the same stash that was discovered on the later date.  *See United States v. Sims*, 683 F.3d 815, 817 (7th Cir. 2012) ("Although it is possible

that the drugs found on January 18 were already in his possession as early as January 11, it is at least equally likely that they were not.  For all we know, Sims sold the last of his January 11 drug supply to the officer that day and then acquired additional cocaine before his arrest on January 18.").  But Pham fails to contend, much less show, that he possessed the drugs confiscated on February 28 as early as February 12.  *See, e.g.*, Def. Br. 11 (citing *Sims* without tying it to this case); Reply 2 ("[U]nder these particular facts, two drug convictions, one consisting of a sale and the other of finding of the stash from that sale, warrant a finding of one criminal episode."); *see Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (holding a party waives an argument made for the first time on reply).

Pham does, however, make the more complex argument that his 2004 conspiracy conviction subsumes the possession-with-intent-to-distribute offenses from that same year, which he committed to further the conspiracy.  But we have long recognized offenses that are "part of a series" or "related to [an] entire course of events" as "distinct in time" under the ACCA so long as they "form[] a separate unit within the whole" and are "punctuated occurrence[s] with a limited duration."  *United States v. Roach*, 958 F.2d 679, 684 (6th Cir. 1992) (internal quotation marks and citation omitted).

These separate offenses may include crimes committed during and in furtherance of a conspiracy.  *See United States v. Melbie*, 751 F.3d 586, 587 (8th Cir. 2014) (holding that conspiracy and possession-with-intent-to-deliver offenses occurred on different occasions under the ACCA where they overlapped in time and the latter advanced the conspiracy, but was a "discrete episode" within it);  *United States v. Noel*, 488 F. App'x 928, 932–33 (6th Cir. 2012) (denying argument that conviction for conspiring to distribute cocaine during a certain period subsumed, for ACCA purposes, offenses for distributing cocaine on different dates within that period); *United States v. Taft*, 250 F. App'x 581, 581–82 (4th Cir. 2007) (per curiam) (rejecting the notion that convictions for selling drugs on different dates "should be treated as one offense [under the ACCA] because a conspiracy charge was brought at the same time and . . . the conspiracy enveloped the two substantive offenses" (citing *United States v. Letterlough*, 63 F.3d 332, 337 (4th Cir. 1995))); *United States v. Doshier*, 112 F. App'x 716, 717–18 (10th Cir. 2004)

(treating conspiracy offense and possession-with-intent-to-distribute offense during it as offenses occurring on different occasions under the ACCA).

Because Pham's 2004 possession-with-intent-to-distribute convictions stemmed from discrete offenses with limited durations during the conspiracy—one a sale on February 12 and the other possession on February 28—they occurred on different occasions under the ACCA. Accordingly, the district court properly enhanced Pham's sentence under the statute.

### III.  CONCLUSION

For the foregoing reasons, the district court correctly applied the ACCA to Pham and we thus affirm his sentence.