NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0387n.06

No. 18-5929

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jul 30, 2019<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| MARVIN LEON HAYES, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: COLE, Chief Judge; GRIFFIN and BUSH, Circuit Judges.

GRIFFIN, Circuit Judge.

The district court imposed a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act (ACCA) after finding defendant Marvin Leon Hayes had three previous serious-drug-offense convictions that he committed on different occasions. Because it did not err in doing so, we affirm.

I.

Hayes pleaded guilty to unlawfully possessing a firearm as a felon. The ACCA mandates a fifteen-year minimum sentence for anyone convicted of being a felon in possession of a firearm who has "three previous convictions by any court . . . for . . . a serious drug offense . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The presentence report identified three § 924(e)-qualifying felony-drug convictions: a Kentucky conviction for trafficking cocaine, and two federal convictions for possessing crack cocaine with the intent to distribute. The district

court—over defendant's objection that the federal felonies were not committed on different occasions—agreed with the presentence report and sentenced defendant to the fifteen-year statutory minimum sentence. Hayes appeals.

II.

The government must establish by a preponderance of the evidence that a defendant committed § 924(e)-qualifying convictions "on occasions different from one another." *United States v. Pham*, 872 F.3d 799, 801 (6th Cir. 2017). Only *Shepard*-approved documents may be used to make this showing, *see United States v. King*, 853 F.3d 267, 275 (6th Cir. 2017), which include "the charging document," the "plea agreement," and the "transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant." *Shepard v. United States*, 544 U.S. 13, 26 (2005). Hayes contends the district court erred in finding his federal convictions were committed on different occasions. Our review is de novo. *United States v. Jenkins*, 770 F.3d 507, 509 (6th Cir. 2014).

"In this circuit, two offenses were committed on different occasions under the ACCA if 1) it is possible to discern when the first offense ended and the subsequent point at which the second offense began; 2) the offender could have withdrawn from crime after the first offense ended and not committed the second offense; or 3) the offenses were committed at different residences or business locations." *Pham*, 872 F.3d at 802. When a defendant commits multiple drug offenses on different days, the offenses "do not constitute a single criminal episode" and thus separately qualify for § 924(e)'s enhancement. *United States v. Roach*, 958 F.2d 679, 684 (6th Cir. 1992). Indeed, two "occasions" may even occur on the same day. *See, e.g.*, *United States v. Brady*, 988 F.2d 664, 669 (6th Cir. 1993) (en banc).

The contested federal convictions stem from a three-count indictment: (1) conspiracy to possess crack cocaine with the intent to distribute; (2) possessing crack cocaine with the intent to distribute "[o]n or about October 12, 1999"; and (3) possessing crack cocaine with the intent to distribute "[o]n or about October 21, 1999." Hayes pleaded guilty to all three counts. His plea agreement set out the pertinent factual basis for the convictions at issue here: "On or about October 12, 1999, [he] possessed 16.36 grams of cocaine base with intent to distribute" (count 2) and "[o]n or about October 21, 1999, [he] possessed 21.63 grams of cocaine base with intent to distribute" (count 3). And the transcript of the plea colloquy reflects that Hayes confirmed for the district court that he entered into an agreement with a co-conspirator to distribute crack cocaine, and that he distributed crack cocaine "on two occasions . . . [a]s charged in the indictment." We therefore agree with the district court that these *Shepard*-approved documents easily establish by a preponderance of the evidence that defendant's federal convictions are serious drug offenses that were "committed on occasions different from one another."

Defendant's arguments on appeal are without merit. We see no ambiguity in the indictment's (and plea agreement's) use of the phrase "on or about." Although no exact date is set forth, it is "clearly possible to discern when [the first] offense ended and the subsequent point at which the next offense began, just as it is clearly possible that [Hayes] could have withdrawn from crime after [the first] offense ended and not committed the next offense." *United States v. Farrad*, 895 F.3d 859, 887 (6th Cir. 2018) (alterations, citations and internal quotation marks omitted). That a jury convicted the defendant in *Farrad*, whereas Hayes pleaded guilty here, matters not for purposes of ACCA eligibility. *See Shepard*, 544 U.S. at 19. And even if there was ambiguity, Hayes "necessarily admitted," *see id.* at 24, during the plea colloquy that the conduct charged in counts two and three of the indictment—two sales of crack cocaine, each sale of a different

quantity and each required to support a separate felony charge—occurred "on two occasions . . . [a]s charged in the indictment."

### III.

For these reasons, we affirm the district court's judgment.