NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0433n.06

Case No. 18-5309

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Aug 20, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| CHRIS RAYVON STARKS, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: MERRITT and LARSEN, Circuit Judges.*

**PER CURIAM.** The defendant pled guilty to illegally possessing a firearm in violation of 18 U.S.C. § 922(g). His appeal challenges a sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The Act is a sentencing regime specifying mandatory minimum sentences for felons in possession of firearms. The question presented is whether the District Court erred in relying on facts in documents about defendant's older crimes to conclude that the career criminal enhancement applied. We affirm.

In August of 2016, law enforcement searched Chris Starks's home in Shelbyville, Tennessee, and discovered a loaded semi-automatic pistol. Starks pled guilty to the gun charge

---

* The third member of this panel, Judge Damon J. Keith, died on April 28, 2019. This order is entered by a quorum of the panel. 28 U.S.C. § 46(d).

without a plea agreement. The Presentence Report said that Starks had three convictions for aggravated robbery in Tennessee. Starks objected to being classified as an armed career criminal. The government responded to Starks's objections and submitted three state court judgments and accompanying indictments from Starks's prior violent felony convictions. At the sentencing hearing, the District Court overruled the defendant's objections and sentenced Starks to the mandatory minimum of 180 months. The defendant appealed.

The ACCA punishes recidivists caught possessing firearms. If a defendant meets certain standards specified by the statute, then he qualifies for a sentencing enhancement:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title *for a violent felony* or a serious drug offense, or both, committed *on occasions different from one another*, such person shall be fined under this title and imprisoned not less than fifteen years.

18 U.S.C. § 924(e)(1) (emphasis added). The regime is applied in several stages. A sentencing court must first determine whether the previous convictions are for violent felonies, and then must determine whether those convictions occurred on occasions different from one another. The documents a District Court may examine in these stages are called *Shepard* documents. *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016); *Shepard v. United States*, 544 U.S. 13, 26 (2005).

The defendant points to *United States v. King*, 853 F.3d 267 (6th Cir. 2017), to argue that the District Court was only empowered to review the *Shepard* documents for the elements of the crimes he committed rather than the dates and times of those crimes. Our recent precedent forecloses this argument. *United States v. Hennessee*, No. 18–5786, 2019 WL 3418957, at *4 (6th Cir. July 30, 2019). Even after *King*, our court has continued to use *Shepard* documents to determine whether the defendant's prior offenses were committed on different occasions. *See United States v. Pham*, 872 F.3d 799, 802 (6th Cir. 2017). The government need only prove to a

preponderance standard that the offenses were committed on different occasions. *Id.* at 801. In this case, the judgments meet the first or the second test under *Pham*. They show that the defendant committed aggravated robbery on "9/25/2008," aggravated robbery on "9/28/2008," and aggravated robbery again on "9/30/2008," respectively. The District Court did not err by relying on these materials.

Starks also argues that the "different occasions" inquiry is an element of the ACCA that must be proven beyond a reasonable doubt by the government or, in the alternative, admitted by the defendants in a constitutionally protected proceeding (like a state court plea colloquy). Our precedent forecloses this argument too. *United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004). We conclude, therefore, that the government satisfied its burden in this case and affirm the defendant's sentence.

**MERRITT, Circuit Judge, Concurring in Judgment**. As our *per curiam* in this case briefly explains, we recently decided the question of the standard to be followed in this case on the "different occasions" inquiry in *United States v. Hennessee*, No. 18–5786, 2019 WL 3418957 (6th Cir. July 30, 2019). We are now bound by the published opinion in this case. Chief Judge Cole issued a persuasive dissent in *Hennessee* with which I agree and would follow if not bound by the majority in *Hennessee*. In my opinion, as many lawyers and judges have said, the ACCA is a mess and should be extensively amended or repealed. *Cf. Williams v. United States*, 927 F.3d 427, 446 (6th Cir. 2019) (Merritt, J., concurring) (quoting Justices Breyer and Alito in calling the Act a "time-consuming legal tangle" and a "mess," respectively).