NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 6, 2015
Decided January 7, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-1890

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana. |
| *v.* | No. 3:12CR00012-001 |
| DERRICK W. VOGT, *Defendant-Appellant*. | Richard L. Young, *Chief Judge*. |

**O R D E R**

While Derrick Vogt was on parole in Indiana for sexual battery, he was arrested for violating a condition of his parole that required him to participate in sex-offender treatment. During a search of his home, authorities discovered a pistol and ammunition in his bedroom. Vogt pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g). As provided in his plea agreement, Vogt waived his appeal rights with the single exception that he may challenge the district court's application of the Armed Career Criminal Act, *see id.* § 924(e), which led to Vogt's incarceration for the statutory minimum of 15 years. Vogt had committed three burglaries on January 24, 1997, when he broke into and stole money from an office building, a tavern, and a school within a few blocks of each other in Cannelton, Indiana. Vogt did not contest the fact of those convictions; instead, he argued that the burglaries should count as one—not

three—predicate offense under the ACCA because, he insisted, the offenses were committed close in time and were handled together in state court. The district court rejected this argument on the ground that there is no "crime spree exception" to the Act.

Vogt filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Vogt has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses points that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we focus on the ACCA issue that the lawyer discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

As a preliminary matter, though, we note that counsel does not say whether he discussed with Vogt the possibility of challenging his guilty plea (and with it the appeal waiver that constrains our review). *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). But this omission does not require us to deny the *Anders* motion because the district court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure, making an appeal on that ground frivolous. *See United States v. Davenport*, 719 F.3d 616, 617–18 (7th Cir. 2013); *Konczak*, 683 F.3d at 349. Indeed, the district court explained the elements of the charge, the statutory minimum and maximum penalties, the role of the sentencing guidelines and the judge's discretion in applying them, the trial rights Vogt was waiving by entering his guilty plea, and the nature of the appeal waiver to which he agreed. *See* FED. R. CRIM. P. 11(b)(1). The court also ensured that Vogt's guilty plea was made voluntarily and supported by an adequate factual basis. *See* FED. R. CRIM. P. 11(b)(2), (3).

With Vogt's guilty plea and appellate waiver thus intact, *see United States v. Gonzalez*, 765 F.3d 732, 741 (7th Cir. 2014); *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013), he may challenge only the district court's application of the ACCA. But we agree with counsel that it would be frivolous to contest that ruling. Burglary qualifies as a predicate offense under § 924(e) when the state statute punishes "generic burglary," defined by the Supreme Court as "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). Indiana's statute—defining burglary as a "person who breaks and enters the building or structure of another person, with intent to commit a felony or theft in it," IND. CODE § 35-43-2-1—fits that definition. And despite the close temporal proximity in which the burglaries took place, each crime counts as a distinct predicate offense because, after Vogt left each building, he "had the opportunity to stop and proceed no

further." *See United States v. Elliott,* 703 F.3d 378, 383 (7th Cir. 2012); *see also United States v. Hudspeth,* 42 F.3d 1015, 1020–22 (7th Cir. 1994) (en banc), *abrogated in part on another ground by Shepard v. United States,* 544 U.S. 13 (2005); *United States v. Jenkins,* 770 F.3d 507, 509–10 (6th Cir. 2014); *United States v. Carr,* 592 F.3d 636, 643–45 (4th Cir. 2010).

Accordingly, we GRANT counsel's motion to withdraw, and DISMISS the appeal.